1 | LAURA E DUFFY
United States Attorney
2 | DANIEL E. BUTCHER
Assistant U.S. Attorney
3 | California Bar No. 144624
Office of the U.S. Attorney
4 | 880 Front Street, Room 6293
San Diego, CA 92101
5 | Tel: (619) 546-7696
Fax: (619) 546-7751
6 | Email: Daniel.Butcher@usdoj.gov

7 | Attorneys for the United States

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 |

11 | LYCURGAN INC. dba ARES ARMOR,   Case No.: 14CV1679 JLS (BGS)

12 | Plaintiff   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

13 | v.   DEFENDANT'S MOTION TO DISMISS

14 | B. TODD JONES, in his official capacity   DATE: November 6, 2014
as Head of the San Diego Bureau of   TIME: 1:30 p.m.
15 | Alcohol, Tobacco, Firearms and
Explosives; and DOES 1-10,   Hon. Janis L. Sammartino
16 |
Defendants.
17 |

18 |

19 | I

20 | INTRODUCTION

21 | Plaintiff has filed a civil suit seeking the return of property seized pursuant to a

22 | search warrant issued by Magistrate Judge Bernard G. Skomal.  Plaintiff invokes the

23 | Civil Asset Forfeiture Reform Act (CAFRA), 18 U.S.C. § 983, as the statutory basis

24 | for this relief.  But, as its name suggests, CAFRA governs civil forfeiture proceedings

25 | and provides no jurisdictional basis for ordering the return of property seized pursuant

26 | to a search warrant issued under the Federal Rules of Criminal Procedure.  The Court

27 | therefore lacks jurisdiction over Plaintiff's complaint.

28 |

II

STATEMENT OF FACTS

A. The AR-15 Lower Receiver

The AR-15 is a semi-automatic, civilian version of the .223-caliber M16 machine gun used by the United States military. See Exhibit 1 (Declaration of Special Agent Marks) at ¶ 6. The AR-15 is comprised of many parts, including the (1) lower receiver, (2) upper receiver, (3) stock, (4) barrel, and (5) magazine. Id.

Most firearm parts are not subject to regulation and can be bought and sold without a background check. The lower receiver, however, is different. The lower receiver is the body of the firearm to which the other parts are attached. It is considered the "firearm" and, therefore, is subject to firearms laws enforced by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives. See Exhibit 2 (Declaration of Brice P. McCracken) at ¶ 4. Only Federal Firearms Licensees can manufacture firearms for sale and the licensee is required to mark all such firearms with a serial number. See generally 18 U.S.C. §§ 922(a) and 923(i). Federal Firearms Licensees are also required to perform a background check prior to the transfer of any firearm to a non-licensee.

B. The Seizure of 5,804 EP80 Lower Receivers from Plaintiff

EP Armory is under investigation in the Eastern District of California for illegally manufacturing "EP80" lower receivers, which are commonly used to make AR-15 style rifles. Ex. 2 at ¶¶ 5-6; Ex. 1 at ¶ 6. ATF has determined that the EP Armory EP80 lower receivers are firearms. Ex. 2 at ¶ 4. But EP Armory does not have a Federal Firearms License to lawfully manufacture firearms for sale and, therefore, cannot legally engage in the sale and transfer of firearms. Ex. 2 at ¶ 3. Moreover, the EP80s do not bear any manufacturer's markings or serial numbers and were being sold without background checks to non-licensees. Ex. 2 at ¶ 5. That result

2

1    is contrary to the manufacturing provisions of the Gun Control Act, 18 U.S.C. § 921 et

2    seq.

3           Plaintiff Ares Armor – which also does not have a Federal Firearms License to

4    sell firearms, ex. 1 at ¶ 7 – was receiving and selling EP80s manufactured by EP

5    Armory.  Ex. 1 at ¶ 5.  On March 15, 2014, ATF agents seized 5,804 EP80s from

6    Plaintiff pursuant to a search warrant issued by Judge Skomal.  Id. at ¶ 8.  ATF has

7    determined that the EP80s seized from Ares Armor meet the definition of firearms

8    under 18 U.S.C. § 921(a)(3)(B).  Ex. 2 at ¶ 4.  They are presently being held as

9    evidence in connection with the Eastern District of California's investigation of EP

10   Armory. Id. at 6.

11          C. Plaintiff's Lawsuits Against ATF

12          This is the third lawsuit that Plaintiff Ares Armor has filed over ATF's seizure

13   of the EP80 lower receivers from Ares Armor.  The first lawsuit, Lycurgan, Inc. dba

14   Ares Armor v. Jones, 14-cv-0548-JLS (BGS) ("Ares Armor I"), sought an injunction

15   prohibiting ATF from taking any action to seize the EP80 lower receivers.  That

16   lawsuit was mooted by ATF's seizure of the lower receivers pursuant to the search

17   warrant issued by Magistrate Judge Skomal.  Ares Armor has a pending motion to

18   amend its complaint in that case.  Among other things, Ares Armor's motion requests

19   leave to sue (in his individual capacity) the ATF employee who examined the EP

20   Armory EP80s and opined that they are firearms for allegedly violating Ares Armor's

21   First Amendment right to free speech.  See Ares Armor I (ECF #35-4) at 38.

22          The second lawsuit, In the Matter of the Search of: Ares Armor et al., 14-cv-

23   1424-JLS (BGS) (Ares Armor II), sought to unseal the search warrant affidavit issued

24   under seal by Magistrate Judge Bernard G. Skomal.  That lawsuit was mooted by

25   ATF's voluntary disclosure of the affidavit.  See Ares Armor II (ECF #16).  On

26   September 19, 2014, Ares Armor filed a notice of appeal in that case.  Id. (ECF #26).

27

28

1    This lawsuit, <u>Ares Armor III</u>, seeks to compel the return of the lower receivers

2    seized in the search warrant.  <u>See</u> Complaint (ECF #1) at 5.  The complaint invokes

3    CAFRA, 18 U.S.C. § 983, as the jurisdictional basis for seeking this relief.  <u>Id.</u> at 2-

4    4. CAFRA, however, is a civil asset forfeiture statute and provides no jurisdictional

5    basis for ordering the return of property seized pursuant to a criminal search warrant.

6                                              III

7                                        <u>ARGUMENT</u>

8    CAFRA applies only to "property seized in a nonjudicial civil forfeiture

9    proceeding under a civil forfeiture statute."  18 U.S.C. § 983(a)(2)(A).  CAFRA does

10   not apply where there is an independent legal basis – such as a criminal search warrant

11   – for seizing and retaining the property.  <u>See</u> <u>Celata v. United States</u>, 334 Fed. Appx.

12   801, 802 (9th Cir. 2009) (unpublished) (CAFRA does not provide a jurisdictional basis

13   to compel government to return property seized pursuant to a validly executed search

14   warrant); <u>Wiebe v. National Security Agency</u>, 2012 WL 4069746, *8 (D. Md. 2012)

15   (unpublished) ("When the Government seizes property for non-forfeiture purposes,

16   the notice requirements of [CAFRA] do not apply.").

17   The EP80s at issue here were seized pursuant to a search warrant issued by

18   Magistrate Judge Skomal pursuant to Fed. R. Crim. P. 41.  Ex. 1 at ¶ 8.  One of the

19   specific legal bases for seizure in the search warrant was "evidence of a crime."  <u>See</u>

20   Application for Search Warrant (attached as Exhibit 1 to United States Supplemental

21   Briefing in <u>Ares Armor II</u> (ECF #14-1) at 2); <u>accord</u> Fed. R. Crim. P. 41(c)(1) ("A

22   warrant may be issued for . . . evidence of a crime.").  Consistent with the warrant,

23   ATF is retaining the EP80s seized from Ares Armor as evidence of the illegal

24   manufacture of firearms in the EP Armory criminal investigation.  Ex. 2 at ¶ 6.

25   In sum, the EP80s at issue in this case were not seized in a "nonjudicial

26   forfeiture proceeding."  18 U.S.C. § 983(a)(2)(A).  Instead, as in <u>Celata</u>, ATF "has an

27   independent legal basis for retaining the various firearms . . . it seized."  334 Fed.

28

                                              4

                                                                            *14cv548*

1  Appx. at 802.   This Court therefore lacks subject matter jurisdiction over Plaintiff's

2  CAFRA complaint and should dismiss it pursuant to Fed. R. Civ. P. 12(b)(1) and

3  12(b)(6).

IV

CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint.

DATED:       September 22, 2014              Respectfully submitted,

LAURA E. DUFFY
United States Attorney


 s/ Daniel E. Butcher
DANIEL E. BUTCHER
Assistant United States Attorney
Attorneys for Defendant

*14cv548*