LAURA E DUFFY
United States Attorney
DANIEL E. BUTCHER
Assistant U.S. Attorney
California Bar No. 144624
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7696
Fax: (619) 546-7751
Email: Daniel.Butcher@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LYCURGAN INC. dba ARES ARMOR,<br><br>Plaintiff<br><br>v.<br><br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br><br>Defendants. | Case No.: 14CV1679 JLS (BGS)<br><br>OPPOSITION TO PLAINTIFF'S EMERGENCY APPLICATION FOR EXPEDITED RULE 34 INSPECTION AND TO CONTINUE HEARING DATE<br><br>Hon. Janis L. Sammartino[1] |
|---|---|

I

INTRODUCTION

Plaintiff seeks "emergency" leave to immediately begin taking discovery on the merits of the substantive issue that it seeks to litigate in this case – whether the EP80s are firearms. The Court should deny this motion until it resolves the threshold issue of whether it has subject matter jurisdiction over Plaintiff's complaint.

---

[1] Plaintiff has noticed this hearing for November 6, 2014, before Judge Sammartino. However, Local Rule 72.1(b) delegates the responsibility for hearing and determining discovery motions to the assigned United States Magistrate Judge.

## II

## DISCUSSION

Defendant has filed a motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1), alleging that this Court lacks subject matter jurisdiction over Plaintiff's complaint. [See ECF #7.] That motion is presently calendared for a hearing on November 6, 2014. Rather than responding to the merits of Defendant's motion (which, if granted, would terminate the case without any discovery), Plaintiff seeks to place resolution of the jurisdictional motion on hold while it conducts discovery on the merits of its substantive claim that the EP80s are not firearms.[2]

But whether the EP80s are firearms has no relevance to whether the Civil Asset Forfeiture Reform Act (CAFRA) provides a jurisdictional basis to compel the return of evidence seized pursuant to a criminal search warrant. That is a purely legal issue and is the only issue raised by Defendant's motion to dismiss. [See Points and Authorities in Support of Motion to Dismiss (ECF #7-1) at 4-5.][3] Because the discovery that Plaintiff seeks is not related to the pending Fed. R. Civ. P. 12(b)(1) motion to dismiss, Plaintiff may not conduct this merits-based discovery. See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters;" discovery orders issued in the absence of subject matter jurisdiction "are void"); Orchid Biosciences, Inc. v. St. Louis University, 198 F.R.D. 670, 675 (S.D. Cal. 2001)

---

[2] The specific document that Plaintiff seeks, ATF Technical Bulletin 14-01, is a law enforcement sensitive document that should be the subject of a protective order before it is produced.

[3] The discussion about EP80s in Defendant's Points and Authorities appears in the "Statement of Facts" and was provided as background information. [See id. at 2-4.] The only issue discussed in the "Argument" section of Defendant's Points and Authorities is whether CAFRA provides a jurisdictional basis to seek the return of evidence seized pursuant to a criminal search warrant. [See id. at 4-5.]

("Courts in other circuits have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending.").[4]

In sum, the discovery Plaintiff seeks does not relate to the pending jurisdictional motion. Until Plaintiff establishes subject matter jurisdiction, it may not conduct discovery on the merits of its claims. Plaintiff's emergency motion for discovery should therefore be denied.

DATED: October 15, 2014

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

 s/ Daniel E. Butcher
DANIEL E. BUTCHER
Assistant United States Attorney
Attorneys for Defendant

---

[4] Moreover, resolving the merits of whether the EP80s are firearms in this case would accomplish nothing. As discussed in Defendant's motion to dismiss, the EP80s seized from Plaintiff are being held as evidence in connection with an investigation of the manufacturer of the EP80s in the Eastern District of California. Any determination by this Court that the EP80s are (or are not) firearms will not affect their evidentiary relevance in the Eastern District proceedings. If that investigation results in a criminal indictment, the judge (or jury) in the Eastern District will decide whether the EP80s are firearms.