Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Plaintiff,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR,<br>                              Plaintiff,<br><br>        v.<br><br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br>                              Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br><br>LYCURGAN, INC.'S REPLY IN SUPPORT OF EMERGENCY APPLICATION FOR AN ORDER FOR EXPEDITED RULE 34 INSPECTION AND TO CONTINUE HEARING DATE AND RELATED FILING DEADLINES.<br><br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: November 6, 2014<br>Time: 1:30 P.M. |

**1.    "Facial" or "Factual," what is the Challenge under 12(b)(1)?**

The Government challenges Lycurgan's effort to obtain discovery to meet the burden imposed by the Government's 12(b)(1) motion suggesting that the Government's motion to dismiss raised "a purely legal issue and is the only issue raised by Defendant's motion to dismiss." [Oppo. at 2.]

/ / /

/ / /

/ / /

Indeed, the Government claims that the

"... discussion about EP80s in Defendant's Points and Authorities appears in the "Statement of Facts" and was provided as background information.[See id. at 2-4.] The only issue discussed in the "Argument" section of Defendant's Points and Authorities is whether CAFRA provides a jurisdictional basis to seek the return of evidence seized pursuant to a criminal search warrant. [See id. at 4-5.]"

[Oppo., pg. 2, fn. 3., Doc. 9]

But, if that is the case – then why did the Government include the declarations of two special agents, Agent Marks and Agent McCracken, in support of the motion?   Those declarations were clearly not provided as "background information" because unless there is a "crime" there is no seizure for "non-forfeiture purposes." [See Motion, p. 4.]

It is not illegal to sell chunks of polymer material. Unless those chunks of polymer material comprise a "firearm" under Federal law.   Thereby, the Government's effort to establish that the chunks of polymer material are firearms goes directly to the issues implicated in the 12(b)(1) motion.

Indeed, both of those ATF personnel described in sensational terms that the subject unfinished lower receivers were not just "firearms" but those used to make a version of an "M-16 machine gun." [Marks Dec., ¶ 6, Doc 7-2.]

Rather than a "facial" challenge to subject matter jurisdiction, the Government has made a "factual" challenge.   This distinction was explained yesterday by District Judge O'Neill in the Eastern District of California:

"Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary

LYCURGAN, INC.'S REPLY IN SUPPORT OF EMERGENCY APPLICATION FOR AN ORDER FOR EXPEDITED RULE 34 INSPECTION AND TO CONTINUE HEARING DATE AND RELATED FILING DEADLINES.

14cv1679                                                                           2

affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

A Rule 12(b)(1) motion can be made as a speaking motion—or factual attack—when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); see Savage, 343 F.3d at 1039-40 & n. 2. A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment motion. See *Safe Air*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage, 343 F.3d at 1039-40, n. 2. In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039.

*Travelers Indem. Co. v. Centex Homes*, 2014 U.S. Dist. LEXIS 146456, 2-4 (E.D. Cal. Oct. 14, 2014)

LYCURGAN, INC.'S REPLY IN SUPPORT OF EMERGENCY
APPLICATION FOR AN ORDER FOR EXPEDITED RULE 34 INSPECTION
AND TO CONTINUE HEARING DATE AND RELATED FILING
DEADLINES.

*14cv1679*

3

The Government made the effort to take the "factual" route with its 12(b)(1) motion. Thus, the rule expressed in *Laub v. United States Dept. of Interior* applies and Plaintiff should be entitled to its discovery. See, *Laub v. United States Dept. of Interior* (9th Cir. 2003) 342 F3d 1080, 1093.

## II. The Government is not prejudiced by providing the Technical Bulletin according to a protective order

The Government states:

"The specific document that Plaintiff seeks, ATF Technical Bulletin 14-01, is a law enforcement sensitive document that should be the subject of a protective order before it is produced."

[Oppo to Application, pg. 2, fn. 2]

Very well. Lycurgan will execute an interim protective order restricting access to Technical Bulletin 14-01 to Lycurgan's counsel and retired ATF Agent Daniel O'Kelly. As Mr. O'Kelly has worked most of his career in law enforcement, and in particular with the ATF – the security of the Technical Bulletin as divulged to undersigned and Mr. O'Kelly should not alarm the ATF.

## III. Conclusion

For the foregoing reasons, Plaintiff Lycurgan Inc. requests that the ATF respond to the Request for Production of Documents in a shortened manner such that Lycurgan's expert may review the technical bulletin prior to the date set for responding to the Defendant's motion under 12(b)(1).

Respectfully submitted,

The McMillan Law Firm, APC

Dated: October 15, 2014

/s/ Scott A. McMillan

Scott A. McMillan
Attorneys for Plaintiff
Lycurgan, Inc.

LYCURGAN, INC.'S REPLY IN SUPPORT OF EMERGENCY APPLICATION FOR AN ORDER FOR EXPEDITED RULE 34 INSPECTION AND TO CONTINUE HEARING DATE AND RELATED FILING DEADLINES.

14cv1679

4