# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN INC. DBA ARES ARMOR,<br><br>                     Plaintiff,<br><br>vs.<br><br>B. TODD JONES in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1–10,<br><br>                     Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br><br>**ORDER DENYING EMERGENCY APPLICATION FOR AN ORDER FOR EXPEDITED RULE 34 INSPECTION AND TO CONTINUE HEARING DATE AND RELATED FILING DEADLINES**<br><br>(ECF No. 8) |

Presently before the Court is Lycurgan, Inc's ("Plaintiff") Emergency Application for an Order for Expedited Rule 34 Inspection and to Continue Hearing Date and Related Filing Deadlines ("Emergency Application"). (ECF No. 8.) Also before the Court is Defendant's Response in Opposition to (ECF No. 9.) and Plaintiff's Reply in Support of (ECF No. 10.) the Emergency Application. Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's Emergency Application.

## BACKGROUND

On July 16, 2014, Plaintiff filed a Complaint seeking the return of items seized during a search of its property pursuant to the Civil Asset Forfeiture Reform

- 1 -

Act ("CAFRA"). 18 U.S.C. §983.  (ECF No. 1.) On September 22, 2014, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("MTD"). (ECF No. 7.) Defendant's MTD is pending before the Court.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *See id*.

When there is a factual attack the Court may look beyond the Complaint to affidavits and other evidence submitted by the parties in order to evaluate the Rule 12(b)(1) motion. *Savage v. Glendale Union High Sch*. 343 F.3d 1036. Accordingly, in response to a Rule 12(b)(1) motion based on a factual attack, the non-moving party may be entitled to discovery related to the jurisdictional question. *See Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Discovery should be granted "when . . . jurisdictional facts are contested or more facts are needed" to determine a question of jurisdiction. *Id*. However, "when it is clear that . . . discovery would not demonstrate facts sufficient to constitute a basis for

jurisdiction," a Court need not grant a discovery request prior to ruling on a Rule 12(b)(1) motion. *America W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 431, n. 24). Discovery at the outset of a case should be limited to jurisdictional matters. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988).

## ANALYSIS

Plaintiff requests discovery before responding to Defendant's MTD pursuant to Federal Rule of Civil Procedure 26(d), which allows a party to seek discovery prior to the Federal Rule of Civil Procedure 26(f) conference upon a court order. Fed. R. Civ. P. 26(d). (Emergency Application 7[1], ECF No. 8-1.) Plaintiff suggests that it is entitled to seek discovery from Defendant at this time because Defendant's MTD is a factual attack based on extrinsic evidence. (Reply in Support of MTD 2–4, ECF No. 10.) Plaintiff argues that the declarations of two special agents attached as exhibits to Defendant's MTD are extrinsic evidence that turn the Rule 12(b)(1) motion into a factual attack challenging this Court's subject matter jurisdiction. (*Id.*)

While the declarations attached to Defendant's MTD are extrinsic evidence, they are not used as a basis for Defendant's jurisdictional challenge. Only when extrinsic evidence is relied upon to form the basis of a challenge to subject matter jurisdiction does a facial attack become a factual attack. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The mere inclusion of extrinsic evidence, here the declarations of two agents cited to in the Statement of Facts section of Defendant's MTD, does not turn a facial attack into a factual attack.

Furthermore, even if Defendant's MTD was construed as a factual attack based on the inclusion of the agents' declarations, discovery related to whether the lower receivers seized during the execution of the search warrant are firearms would

---

[1] For ease of reference, the page numbers cited to are the ECF page numbers.

not help resolve the jurisdictional issue raised in Defendant's MTD. In Defendant's MTD, he does not argue that this Court's subject matter jurisdiction turns on whether the lower receivers are considered firearms. (MTD 4, ECF No. 7.) Instead, Defendant argues that this Court lacks subject matter jurisdiction because the lower receivers were not seized in a nonjudicial civil forfeiture proceeding. (*Id.*) At this early stage in the case, prior to a 26(f) conference, discovery by court order is only appropriate to resolve issues of jurisdiction. *See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988). Here, granting Plaintiff's discovery request would not assist in determining this Court's jurisdiction.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Emergency Application for an Order for Expedited Rule 34 Inspection.

**IT IS SO ORDERED**.

DATED: October 22, 2014

Honorable Janis L. Sammartino
United States District Judge