LAURA E DUFFY
United States Attorney
DANIEL E. BUTCHER
Assistant U.S. Attorney
California Bar No. 144624
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7696
Fax: (619) 546-7751
Email: Daniel.Butcher@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN INC. dba ARES ARMOR,<br><br>Plaintiff<br><br>v.<br><br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br><br>Defendants. | Case No.: 14CV1679 JLS (BGS)<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS<br><br>DATE: November 6, 2014<br>TIME: 1:30 p.m.<br><br>Hon. Janis L. Sammartino |

I

INTRODUCTION

Plaintiff's complaint seeks a specific remedy (return of property), under a specific statute (the Civil Asset Forfeiture Reform Act ("CAFRA")), for a specific reason (the 90-day time period to file a civil forfeiture complaint has expired). [See Complaint (ECF #1) at 2-5.] But, as discussed in Defendant's opening brief, CAFRA does not provide a jurisdictional basis to order the return of evidence seized and retained pursuant to a Fed. R. Crim. P. 41 search warrant. And none of Plaintiff's arguments in opposition compels a different result.

First, the cases relied upon by Plaintiff to establish jurisdiction all involve property that the United States was actively seeking to civilly forfeit under CAFRA. But the United States is not seeking a civil forfeiture here. Instead, the United States seized the EP80s pursuant to a criminal search warrant and is presently holding them as evidence in a criminal investigation pending in the Eastern District of California.

Second, Plaintiff's argument that the United States' withdrawn notice of forfeiture rendered the United States' continued right to retain the EP80s irrevocably subject to CAFRA is illogical and without authority. To the contrary, the United States' election to not proceed with a civil forfeiture of the EP80s mooted any case or controversy under CAFRA. Further, the United States' right to retain property as evidence in a criminal investigation is not contingent upon establishing that the property is also subject to civil forfeiture. These are independent legal bases for holding property.

Third, Plaintiff's assertion that the United States has waived its sovereign immunity in the Administrative Procedures Act (APA) is irrelevant. Plaintiff has not brought this case under the APA, and the United States is not asserting sovereign immunity as the basis for this motion. Instead, Plaintiff brought this case under CAFRA, which does not provide a jurisdictional basis for the Court to order the return of evidence seized and held pursuant to a criminal search warrant.

Fourth, Plaintiff's contention that the Court has equitable jurisdiction to order the return of property is also irrelevant. Plaintiff's complaint does not seek relief pursuant to the Court's equitable jurisdiction. Instead, it seeks relief under CAFRA, alleging that the United States must return the EP80s because it did not file a civil forfeiture complaint within the 90-day limitations period contained in CAFRA. That is a different legal claim with different legal standards than the Court's equitable jurisdiction.

In sum, CAFRA does not provide a jurisdictional basis to compel the return of property seized pursuant to a criminal search warrant and held as evidence in a criminal investigation. The Court therefore should grant Defendant's motion to dismiss.

II

ARGUMENT

A. <u>The EP80s Were Seized in a Criminal Search Warrant and the United States is Holding Them as Evidence in a Criminal Investigation; CAFRA Therefore Does Not Apply</u>

As discussed in the United States' opening brief, the United States seizure of the EP80s was authorized by a Fed. R. Crim. P. 41 search warrant issued by Magistrate Judge Skomal. [<u>See</u> United States' Points and Authorities (ECF #7-1) at 7-8.] Pursuant to this warrant, the United States is holding the EP80s as evidence in a criminal investigation pending in the Eastern District of California. [<u>Id.</u>] CAFRA provides no jurisdictional basis to order the return of property seized and held under these circumstances. <u>See</u> <u>Celata v. United States</u>, 334 Fed. Appx. 801, 802 (9th Cir. 2009) (unpublished) (CAFRA does not provide a jurisdictional basis to compel the government to return property seized pursuant to a validly executed search warrant); <u>Wiebe v. National Security Agency</u>, 2012 WL 4069746, *8 (D. Md. 2012) (unpublished) ("When the Government seizes property for non-forfeiture purposes, the notice requirements of [CAFRA] do not apply.").

Plaintiff's argument that <u>Celata</u> and <u>Wiebe</u> are "inapposite" and "undermine [Defendant's] position that the Court lacks subject matter jurisdiction" [<u>see</u> Opposition (ECF #12) at 14, 15], is incorrect. <u>Celata's</u> express holding, quoted verbatim, is as follows:

> Celata identifies no authority that indicates he may hold the government to the time limitations in forfeiture statutes when the government is not pursuing forfeiture under those statutes. Indeed, the

3

purported "litany" of precedent Celata cites in support of his position is inapposite, in that none of these cases involved evidence and contraband seized pursuant to a validly executed search warrant. The only procedurally proper way to seek the return of property seized under the circumstances of this appeal would be to file a motion pursuant to Fed. R. Crim. P. 41(g). Even construed as a Rule 41(g) motion, however, Celata's request for return of the firearms was properly denied.

334 Fed. Appx at 802 (internal citations omitted).

The holding in Wiebe is identical:

Petitioners also seek return of the property pursuant to [CAFRA], arguing that the Government cannot retain the property because it failed to abide by CAFRA's guidelines. The Government counters that it has not sought and is not seeking forfeiture of the property, and therefore that CAFRA does not apply. The Government's position is correct.

[R]egarding all of the seized property, the Government is not seeking and has never sought forfeiture. Instead, the Government seized and held the property as evidence in a criminal investigation. When the government seizes property for non-forfeiture purposes, the notice requirements of [CAFRA] do not apply. In fact, where the government is not pursuing forfeiture, the only procedurally proper way to seek return of the property seized would be to file a motion pursuant to Fed. R. Crim. P. 41(g). Therefore, because the Government has not sought forfeiture, Petitioners are not entitled to the return of the disputed property under CAFRA.

2012 WL 4069746, *8 (internal citations and quotations omitted).

The CAFRA cases cited by Plaintiff, see Opposition at 11, are in accord. All involved pending civil forfeiture proceedings in which the United States affirmatively sought to permanently extinguish the claimants' ownership interest in the property. See United States v. Contents of Accounts, 2010 WL 2682397, *1 (W.D. Ky. 2010) ("The government brings this action for the civil forfeiture of numerous bank accounts and other property"); Burman v. United States, 472 F.Supp.2d 665, 666 (D. Md. 2007) ("the [DEA] began civil forfeiture proceedings against the seized property"); United

4

*14cv548*

States v. Ferro, 681 F.3d 1105, 1108 (9th Cir. 2012) ("the government . . . filed the complaint that initiated this civil in rem forfeiture action"); United States v. Premises of 2nd Amendment Guns, LLC, 917 F.Supp.2d 1120, 1121 (D. Or. 2012) ("The ATF started administrative forfeiture proceedings against the seized firearms pursuant to [CAFRA]").

Here, by contrast, the United States is not pursuing a civil forfeiture of the EP80s. Rather, it is holding them as evidence in connection with the Eastern District of California's criminal investigation.

B. <u>The United States' Withdrawn Notice of Forfeiture Does Not Make Its Right to Retain the EP80s as Evidence Subject to CAFRA</u>

Plaintiff argues that a withdrawn forfeiture notice somehow rendered the United States' right to retain the EP80s for any purpose (including as evidence in a criminal proceeding) immediately, permanently, and irrevocably subject to CAFRA. See Opposition at 9. No authority supports this illogical conclusion, however.

First, relevance to a criminal investigation is an independent legal basis for seizing and holding property that has evidentiary value. See Fed. R. Crim. P. 41(c). And nothing in CAFRA affects the United States' ability to seize and retain property pursuant to Rule 41. Wiebe, 2012 WL 4069746, *8 (CAFRA does not apply where "the Government seized and held the property as evidence in a criminal investigation.").

Second, the United States' withdrawal of the notice of forfeiture signaled its intent not to seek a civil forfeiture of the EP80s. Therefore, there is no live case or controversy over civil forfeiture, and any dispute over compliance with CAFRA is therefore moot. See generally Rosebrock v. Mathis, 45 F.3d 963, 971 (9th Cir. 2014) ("A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes or Article III – 'when the issues presented are no longer 'live'") (quoting

5

Already, LLC v. Nike, Inc., 133 S.Ct. 721, 725 (2013)).[1]

### C. The Administrative Procedures Act is Irrelevant to Whether CAFRA Provides a Jurisdictional Basis to Compel Return of the EP80s

Plaintiff argues that the United States waived its sovereign immunity for certain claims in the Administrative Procedures Act (APA). See Opposition at 8-9. That is a true statement, but it is irrelevant to the present issue. Plaintiff has not filed an APA complaint and the United States is not asserting sovereign immunity as a basis for dismissal. Instead, Plaintiff has filed a CAFRA complaint, [see Complaint (ECF #1) at 2-5], and the United States' motion to dismiss asserts that CAFRA does not provide a jurisdictional basis to compel the return of property seized under a search warrant and held as evidence in connection with a criminal investigation. [See Points and Authorities (ECF #7-1) at 4-5.] The APA and sovereign immunity are irrelevant to this motion.[2]

---

[1] In United States v. Rear Property Located at 475 Martin Lane, 545 F.3d 1134 (9th Cir. 2008), the United States named property in a CAFRA complaint and multiple parties appeared to assert a claim. Id. at 1139. The Ninth Circuit held that the filing of the CAFRA complaint gave the district court in rem jurisdiction over the property, and that this in rem jurisdiction allowed the district court to adjudicate the competing claims to the property even after an erroneous dismissal of the complaint. Id. at 1144-46. Here, by contrast, the Court does not have in rem jurisdiction over the EP80s because they have not been placed before the Court in a forfeiture complaint and, moreover, there are no competing claims to resolve.

[2] The APA provides for judicial review of certain actions taken by administrative agencies. Unless otherwise authorized by statute, only a "final agency action" (typically the promulgation of a final rule after notice and comment, a licensing or permitting decision, or a sanction imposed after an administrative hearing) is reviewable under the APA. See 5 U.S.C. § 704. See also Holistic Candlers and Consumerers Ass'n v. Food & Drug Admin., 664 F.3d 940, 942-46 (D.C. Cir. 2012) (FDA letters warning manufacturers that their product was an adulterated and misbranded medical device were not "final agency actions" reviewable under the APA).

6

### D. Plaintiff's Equitable Jurisdiction Theory is Also Irrelevant to This Motion

Plaintiff requests that the Court treat its "complaint as a 'civil equitable proceeding' since there are no criminal proceedings pending against any employee or agent of Lycurgan." [See Opposition at 8.] But that is not the claim alleged in Plaintiff's complaint.

Plaintiff's complaint contains one claim for relief: "Return of Property Pursuant to 18 USC § 983 [CAFRA]." [Complaint (ECF #1) at 2.] Plaintiff's complaint then articulates the specific legal theory that it claims compels the return of the EP80s under CAFRA: "Defendant's time to initiate forfeiture proceedings have (sic) *lapsed* pursuant to 18 U.S.C. 983(a)(3)(A). . . .", and, therefore, "Plaintiff is entitled to a release of subject property." [Complaint (ECF #1) at 4-5, ¶¶ 15, 17 (emphasis in original).]

The Court's equitable jurisdiction, however, is a separate legal claim that the Court must exercise with "caution and restraint," and may only do so after considering whether a petitioner can satisfy the four-part test articulated Ramsden v. United States, 2 F.3d. 322, 325-26 (9th Cir. 1993). This is a much different legal theory than CAFRA, which is the only claim in Plaintiff's complaint.[3] Thus, the theoretical availability of equitable jurisdiction is irrelevant to whether CAFRA provides jurisdiction to grant Plaintiff the relief it seeks.

### E. The Court has Already Denied Plaintiff's Request to Take Discovery

Plaintiff requests the opportunity to take discovery on a "disputed, material issue of fact," which it further contends requires an evidentiary hearing to resolve.

---

[3] Plaintiff is represented by experienced and competent counsel. It is not a pro se plaintiff whose pleadings must be liberally construed. Cf. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("[P]ro se pleadings are liberally construed. . . . Construing [the pro se plaintiff's] brief liberally, it is obvious she is appealing the district court's dismissal of her § 1983 complaint for failure to state a claim.").

7

[See Opposition at 16.] Plaintiff's opposition does not identify the issue supposedly in dispute, but Plaintiff's previously filed emergency motion for discovery described the issue as whether the EP80s are firearms. [See Points and Authorities in Support of Emergency Motion (ECF #8-1) at 4-6.] This Court has already denied that request, ruling that "granting Plaintiff's discovery request would not assist in determining this Court's jurisdiction." [Order Denying Emergency Application (ECF #11) at 4.] Plaintiff's opposition provides no basis for the Court to reconsider this ruling. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or if the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). The Court should therefore deny Plaintiff's request for discovery.

## IV

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint.

DATED: October 30, 2014

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

s/ Daniel E. Butcher
DANIEL E. BUTCHER
Assistant United States Attorney
Attorneys for Defendant

8

*14cv548*