Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Plaintiff,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR,<br><br>                Plaintiff,<br>v.<br><br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br>                Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br><br>**PLAINTIFF LYCURGAN, INC.'S NOTICE OF MOTION AND MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(a)**<br><br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: March 5, 2015<br>Time: 1:30 p.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 5, 2015 at 1:30p.m., in Department 4A of the above-entitled court located at 221 West Broadway, San Diego, California 92101, Plaintiff Lycurgan, Inc. ("Lycurgan") will and hereby does move the Court to grant a new trial in the above-captioned case based on newly discovered evidence pursuant to Federal Rule of Civil Procedure 59(a).

Defendant United States ("Government") seized from Lycurgan 5,804 unfinished polymer lower receivers for civil forfeiture under 18 U.S.C. section 983. After Lycurgan spent great time and expense in its efforts to retrieve its property, the Government recently offered to return all of the seized 5,804 items. However, the Government returned only 5,786, leaving Lycurgan short by 18.

1      Lycurgan requested the Government to release the remaining 18 unfinished polymer lower receivers in accordance with 18 U.S.C. section 983(f)(2). The Government has not complied with this request. Therefore, Lycurgan seeks to file a petition in this Court for the release of its seized property pursuant to section 983(f)(3). This Court has jurisdiction of the petition under section 983(f)(3)(A).

     This motion is based on this notice of motion, the below memorandum of points and authorities, the Declaration of Scott A. McMillan and exhibits attached thereto, the pleadings, records and papers filed in this case, and any additional evidence that may be submitted at the hearing on this motion.

Respectfully submitted,

THE MCMILLAN LAW FIRM, APC

/s/ Michelle D. Volk

Dated: January 14, 2015

_____
Michelle D. Volk
Attorneys for Petitioner/Movant
Lycurgan, Inc.

**TABLE OF CONTENTS**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTUAL AND PROCEDURAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . 1

    A. Company Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B. Search and Seizure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C. Civil Forfeiture . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    D. The Government's Purported Dismissal of the Civil Forfeiture. . . . . . . . . . . 3

    E. Lycurgan's CAFRA Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    F. The Government's Partial Release of Lycurgan's Seized Property. . . . . . . . 3

III. LEGAL STANDARD FOR A MOTION FOR NEW TRIAL. . . . . . . . . . . . . . . 4

IV. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. The Newly Discovered Evidence that the ATF No Longer Needs to Retain Lycurgan's Property in its Criminal Investigation Warrants a New Trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B. This Court Retains Jurisdiction in this Matter based on 18 U.S.C. section 983(f)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C. Lycurgan's Proposed Amended Complaint Contains the Newly Discovered Evidence and Pleads a Viable Cause of Action Under CAFRA. . . . . . . . . 6

V. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

Federal Statutory Authority

18 U.S.C. § 983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 7

Federal Rules

Federal Rules of Civil Procedure, rule 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rules of Civil Procedure, rule 59. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Federal Rules of Civil Procedure, rule 60. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Decisional Authority

*Auster Oil & Gas, Inc. v. Stream* (5th Cir. 1985) 764 F.2d 381. . . . . . . . . . . . . . . . . . . 6

*Brown v. Wright* (9th Cir. 1978) 588 F.2d 708. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Deas v. Paccar, Inc.* (11th Cir. 1985) 775 F.2d 1498. . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dixon v. Wallowa County* (9th Cir. 2003) 336 F.3d 1013. . . . . . . . . . . . . . . . . . . . . . . 5

*Edwards v. Occidental Chemical Corp.* (9th Cir. 1990) 892 F.2d 1442. . . . . . . . . . . . . . 6

*Eminence Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048. . . . . . . . . . . . . 6

*Foman v. Davis* (1962) 371 U.S. 178. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Martinez v. Newport Beach City* (9th Cir. 1997) 125 F.3d 777.. . . . . . . . . . . . . . . . . . 6

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (9th Cir. 2001) 251 F.3d 814. . 4

*Uganda Knapps v. City of Oakland* (N.D. Cal. 2009) 647 F.Supp.2d 1129. . . . . . . . . . 4

*Wada v. United States Secret Service* (D.C. 2007) 525 F.Supp.2d 1.. . . . . . . . . . . . . . 5

## I. INTRODUCTION

Defendant United States ("Government") "recently determined that the EP-80 lower firearm receivers seized [on March 15, 2014] are no longer needed as evidence in its criminal investigation." [McMillan Decl. ¶ 10, Ex. A.] The ATF seized Lycurgan's property pursuant to a search warrant for the purpose of civil forfeiture. After several months, and in response to Lycurgan's efforts to obtain the search warrant affidavit to use in challenging the civil forfeiture proceeding, the Government dismissed the civil forfeiture. Nevertheless, the ATF retained the property as evidence in an ongoing criminal proceeding. The Government then successfully moved to dismiss Lycurgan's Civil Asset Forfeiture Reform Act (CAFRA) complaint because the continued seizure was necessary in light of the pending criminal investigation.

Recently, the ATF promised to unconditionally release all of Lycurgan's seized items because they are no longer needed in the criminal investigation. Despite the ATF's promise, the ATF failed to return 18 of the 5,804 seized unfinished polymer lower receivers. The ATF has given no explanation for this withholding. Lycurgan seeks to file a petition in this Court for the release of the 18 unfinished polymer lower receivers unnecessarily withheld by the ATF.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Company Background

Dimitrios Karras ("Mr. Karras") is the Chief Executive Officer of Lycurgan, Inc., a California corporation d/b/a Ares Armor ("Lyrcurgan"). [McMillan Decl. ¶ 3.] Lycurgan is a small retail business with four locations: three in Oceanside, California and one in National City, California. [*Id*.] In addition, it operates a website (www.aresarmor.com). [*Id*.]

Lycurgan sells gun parts, holsters, cases, apparel, and backpacks, and a product known as an 80% AR-15 lower receiver. [*Id*.] An 80% lower is an industry term for an unfinished receiver, which is not a firearm according to prior determinations from the

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). [*Id.*] Therefore, 80% lowers do not require a federal firearms license and are not regulated under the Gun Control Act of 1968. [*Id.*]

**B. Search and Seizure**

On March 15, 2014, numerous ATF agents swarmed Lycurgan's four leased real estate properties located at: (1) 206/208 N. Freeman St., Oceanside, CA 92054; (2) 416 National City Blvd., Unit B, National City, CA; (3) 180 Roymar St., Suite D, Oceanside, CA 92058; and (4) 2420 Industry, Suite A, Oceanside, CA. [McMillan Decl. ¶ 4.] During its search, the ATF seized and carried away a large number of polymer castings, among a multitude of other items that are necessary for the efficient functioning of the business. [*Id.*]

**C. Civil Forfeiture**

On March 27, 2014, the ATF mailed a "NOTICE OF SEIZURE AND ADMINISTRATIVE FORFEITURE PROCEEDING" to Lycurgan in an attempt to withhold the seized items with an estimated value of $574,596.00. [McMillan Decl. ¶ 5.] The forfeiture notice provided: "The above-described property was seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for forfeiture pursuant to **Title 18, United States Code (U.S.C.), Section 3051(c), 19 U.S.C., Sections 1602-1618, 28 C.F.R., Part 8, 18 U.S.C., Section 983 and/or 21 U.S.C., Section 881**." [McMillan Decl. ¶ 5.]

The forfeiture notice incorrectly described the seized items as "5,804 Unknown Manufacturer AR Type Receiver/Frame CAL: Unknown SN: None." [*Id.*] Such items are the property of Lycurgan in fee simple absolute. [*Id.*] And they are not "AR Type Receiver/Frame." [*Id.*] The items are not "receivers" or "frames" as such words are defined in the Gun Control Act of 1968, or prior interpretative determinations of the ATF under such Act. [*Id.*] Rather, they are best known as "unfinished polymer lower receivers."

On April 5, 2014, Lycurgan, through counsel, served a verified claim, contesting the forfeiture and requesting the initiation of a judicial proceeding to challenge such forfeiture. [McMillan Decl. ¶ 6.]

**D. The Government's Purported Dismissal of the Civil Forfeiture**

On June 11, 2014, Lycurgan filed a motion to unseal the search warrant affidavit. [McMillan Decl. ¶ 7.] Lycurgan proffered several reasons why it needed to inspect the affidavit. [*Id.*] Among the reasons was to enable Lycurgan to adequately challenge the civil forfeiture. [*Id.*]

On July 3, 2014, the ATF voluntarily terminated the civil forfeiture proceeding, but continued to retain the seized property as evidence in an ongoing criminal investigation. [McMillan Decl. ¶ 8.] On July 10, 2014, the Government filed an opposition to Lycurgan's motion to unseal, arguing that the withdrawal of the civil forfeiture mooted the motion to unseal. [*Id.*]

**E. Lycurgan's CAFRA Complaint**

On July 16, 2014, Lycurgan filed the instant action under the Civil Asset Forfeiture Reform Act ("CAFRA") because the Government's time to file a civil forfeiture complaint lapsed pursuant to 18 U.S.C. section 983(a)(3)(A). [Compl. ¶ 15.] Also, the Government has not obtained an indictment containing any allegation that the property is subject to forfeiture. [Compl. ¶ 16.]

On September 22, 2014, the Government moved to dismiss the instant case on the basis that the Government's withdrawal of the civil forfeiture deprived this Court of subject matter jurisdiction. [McMillan Decl. ¶ 9.] On December 17, 2014, the Court granted the Government's motion and dismissed the case. [*Id.*]

**F. The Government's Partial Release of Lycurgan's Seized Property**

On December 23, 2014, the ATF provided notice that "[t]he United States has recently determined that the EP-80 lower firearm receivers seized [on March 15, 2014] are no longer needed as evidence in its criminal investigation. Accordingly, it is

returning those firearms to Ares Armor." [McMillan Decl. ¶ 10, Ex. A.] On December 23, 2014, Mr. Karras and his counsel met with the ATF agents who held Lycurgan's property. The ATF agents, Mr. Karras and Scott A. McMillan, Esq. spent the day meticulously counting each one of Lycurgan's released unfinished polymer lower receivers, which amounted to a total of 5,786. [McMillan Decl. ¶ 10, Ex. B.] The ATF retained 18 of Lycurgan's unfinished polymer lower receivers without explanation. [*Id.*]

### III. LEGAL STANDARD FOR A MOTION FOR NEW TRIAL

The district court is empowered to grant a new trial to all or any of the parties on all or part of the issues, after either a jury or nonjury trial. (Fed. R. Civ. Proc. 59(a).) Rule 59(a) does not specify the grounds on which the court may order a new trial. It simply states that a new trial may be granted "after a nonjury trial, for any reason for which a rehearing has heretofor been granted in a suit in equity in federal court." (Fed. R. Civ. Proc. 59(a)(1)(B).) Also, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." (Fed. R. Civ. Proc. 59(a)(2).)

"A court may grant a new trial or amend its judgment after a court-tried action for three reasons: (1) manifest error of law; (2) manifest error of fact; (3) newly-discovered evidence." (*Uganda Knapps v. City of Oakland* (N.D. Cal. 2009) 647 F.Supp.2d 1129, 1174, citing *Brown v. Wright* (9th Cir. 1978) 588 F.2d 708, 710; see also *Silver Sage Partners, Ltd. v. City of Desert Hot Springs* (9th Cir. 2001) 251 F.3d 814, 819.) The court has "wide discretion" to grant a new trial based on a combination of factors that cause the court to conclude a new trial is necessary. (*Deas v. Paccar, Inc.* (11th Cir. 1985) 775 F.2d 1498, 1505.)

///
///

## IV. ARGUMENT

### A. The Newly Discovered Evidence that the ATF No Longer Needs to Retain Lycurgan's Property in its Criminal Investigation Warrants a New Trial.

The Court's order dismissing this action did not, and could not, consider the new evidence that the ATF no longer needs to retain Lycurgan's property in its criminal investigation. [McMillan Decl. ¶ 9.] The Court dismissed this case, holding that the Government properly retained Lycurgan's property, despite the termination of the civil forfeiture, because the property was needed as evidence in an ongoing criminal investigation. [*Id*.] That is no longer the case. [McMillan Decl. ¶ 10, Ex. A.] Therefore, the Court should grant a new trial or amend its judgment because this new evidence was discovered after the judgment, *it could not have been discovered earlier*, and the new evidence would have likely changed the outcome of the Court's order. (Fed. R. Civ. Proc., rules 60(b) and 59(a); see *Dixon v. Wallowa County* (9th Cir. 2003) 336 F.3d 1013, 1022.)

### B. This Court Retains Jurisdiction in this Matter based on 18 U.S.C. section 983(f)(3)(A).

The ATF released 5,786 unfinished polymer lower receivers, and withheld 18. [McMillan Decl. ¶ 10, Ex. B.] Lycurgan requested the ATF to release the remaining 18 seized items in accordance with 18 U.S.C. section 983(f)(2). [McMillan Decl. ¶ 11, Ex. D.] The ATF has not complied with this request. [*Id*.] Lycurgan's recourse is described in section 983(f)(3), as follows:

> (3) (A) If not later than 15 days after the date of a request under paragraph (2) the property has not been released, ***the claimant may file a petition in the district court in which the complaint has been filed*** or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.
> (B) The petition described in subparagraph (A) shall set forth--
>   (i) the basis on which the requirements of paragraph (1) are met; and
>   (ii) the steps the claimant has taken to secure release of the property from the appropriate official.

(*Id*., emphasis added; *Wada v. United States Secret Service* (D.C. 2007) 525 F.Supp.2d

1, 12.)  Accordingly, Lycurgan seeks to file a petition for the release of its property in this Court where Lycurgan filed its complaint under CAFRA.  (See *id*.)  This Court thus retains jurisdiction in this matter.  (*Id*.)

**C. Lycurgan's Proposed Amended Complaint Contains the Newly Discovered Evidence and Pleads a Viable Cause of Action Under CAFRA.**

When a plaintiff seeks leave to amend its complaint, "[t]he court should freely give leave when justice so requires."  (Fed. R. Civ. Proc. 15(a)(2).)  "This policy is 'to be applied with extreme liberality.'"  (*Eminence Capital, LLC v. Aspeon, Inc*. (9th Cir. 2003) 316 F.3d 1048, 1051, quotation omitted.)   Generally, leave to amend may be denied only if the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party.  (*Foman v. Davis* (1962) 371 U.S. 178, 182; *Martinez v. Newport Beach City* (9th Cir. 1997) 125 F.3d 777, 785, overruled on other grounds.)

In *Auster Oil & Gas, Inc. v. Stream* (5th Cir. 1985) 764 F.2d 381, 386, the plaintiff petitioned the district court to reconsider its order of dismissal and to allow amendment of the complaint based on newly discovered evidence.  The district court denied the plaintiff's motion to appeal.  (*Id*. at 391.)  The Court of Appeals held the district court abused its discretion because the new evidence supported the plaintiff's claims.  (*Id*. at 391-92.)

Lycurgan seeks to file an amended complaint to include the newly discovered evidence that the ATF admits it no longer has any reason to continue holding Lycurgan's property.[1]  [McMillan Decl. ¶ 10, Ex. C.]  The proposed amended complaint also includes the allegation that the ATF released only 5,786 of the 5,804 seized unfinished polymer lower receivers, thereby improperly withholding 18 of the items.  [*Id*.]  Lycurgan, as the "claimant," is entitled to immediate release of its property remaining in

---

[1] A separate formal motion for leave to amend is not always required.  (*Edwards v. Occidental Chemical Corp*. (9th Cir. 1990) 892 F.2d 1442, 1445, n. 2.)

the Government's possession if:

> (A) the claimant has a possessory interest in the property;
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
> (E) none of the conditions set forth in paragraph (8) applies.

(18 U.S.C. § 983(f)(1).) Paragraph (8) provides that the claimant is not entitled to release of any property that:

> (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
> (B) is to be used as evidence of a violation of the law;
> (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
> (D) is likely to be used to commit additional criminal acts if returned to the claimant.

(18 U.S.C. § 983(f)(8).)

Lycurgan satisfies all of the aforementioned elements, which are sufficiently plead in the attached proposed amended complaint. [McMillan Decl. ¶ 10, Ex. C.] In summary: Lycurgan (A) owns the seized property, (B) has sufficient ties to the community to provide assurance that the property will be available at the time of the trial, (C) has been and will continue to suffer substantial hardship and financial loss if the Government continues to retain its property, and (D) this hardship outweighs the risk that the seized property will be lost because the Government has already had nearly a year to examine the property, and lastly (E) the seized property is not contraband according to the ATF's prior determinations, Lycurgan's retained expert witness who is a former and longtime ATF agent, and supported by the ATF's release of Lycurgan's 5,786 unfinished polymer lower receivers.

## V. CONCLUSION

Based on the foregoing reasons, Plaintiff Lycurgan, Inc. respectfully requests this Court to grant its motion for new trial.

Respectfully submitted,

THE MCMILLAN LAW FIRM, APC

/s/ Michelle D. Volk

Dated: January 14, 2015

_____

Michelle D. Volk
Attorneys for Petitioner/Movant
Lycurgan, Inc.