Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Plaintiff,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR,<br><div style="text-align:center">Plaintiff,</div><br>v.<br><br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br><div style="text-align:center">Defendants.</div> | CASE NO. 14-CV-1679 JLS (BGS)<br><br>**DECLARATION OF SCOTT A. McMILLAN IN SUPPORT OF PLAINTIFF LYCURGAN, INC.'S MOTION FOR NEW TRIAL**<br><br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: March 5, 2015<br>Time: 1:30 p.m. |

## DECLARATION OF SCOTT A. McMILLAN

I, Scott A. McMillan, declare as follows:

1. I am counsel for Plaintiff Lycurgan, Inc. ("Lycurgan") in the above captioned case, and if called before this court or any other court I could and would testify competently to the following from my own personal knowledge, except as to those matters I state on information and belief, and as to those matters I believe them to be true.

2. This declaration is made in support of Lycurgan's motion for new trial.

3. Dimitrios Karras ("Mr. Karras") is the Chief Executive Officer of Lycurgan, a California corporation d/b/a Ares Armor. Lycurgan is a small retail business with four

locations: three in Oceanside, California and one in National City, California.  In addition, it operates a website (www.aresarmor.com).  Lycurgan sells gun parts, holsters, cases, apparel, and backpacks, and a product known as an 80% AR-15 lower receiver.  An 80% lower is an industry term for an unfinished receiver, which is not a firearm according to prior determinations from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Therefore, 80% lowers do not require a federal firearms license and are not regulated under the Gun Control Act of 1968.

4.  On March 15, 2014, Defendant United States ("Government") executed a search warrant against Lycurgan's four separate business properties.  I, along with some of my colleagues, went to Lycurgan's Oceanside properties to observe the raid.  During its search, the ATF seized and carried away a large number of polymer castings, among a multitude of other items that are necessary for the efficient functioning of the business.

5.  On March 27, 2014, the ATF mailed Lycurgan a "NOTICE OF SEIZURE AND ADMINISTRATIVE FORFEITURE PROCEEDING," which provided: "The above-described property was seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for forfeiture pursuant to **Title 18, United States Code (U.S.C.), Section 3051(c), 19 U.S.C., Sections 1602-1618, 28 C.F.R., Part 8, 18 U.S.C., Section 983 and/or 21 U.S.C., Section 881**."  The forfeiture notice incorrectly describes the seized items as "5,804 Unknown Manufacturer AR Type Receiver/Frame CAL: Unknown SN: None."  Such items are the property of Lycurgan in fee simple absolute.  And they are not "AR Type Receiver/Frame."  The items are not "receivers" or "frames" as such words are defined in the Gun Control Act of 1968, or prior interpretative determinations of the ATF under such Act.

6.  On April 5, 2014, I served a verified claim on behalf of Lycurgan, contesting the forfeiture and requesting the initiation of a judicial proceeding to challenge such forfeiture.

7.  On June 11, 2014, I filed a motion on Lycurgan's behalf to unseal the search

1  warrant affidavit ("Motion to Unseal").  Lycurgan proffered several reasons why it

2  needed to inspect the affidavit.  Among the reasons was to enable Lycurgan to

3  adequately challenge the civil forfeiture that the ATF had initiated on March 27, 2014.

4      8.  On July 3, 2014, the ATF sent Lycurgan a letter that provided: "The United

5  States Department of Justice will not pursue the civil forfeiture of the asset described

6  above.  However, the United States Department of Justice will retain the seized property

7  as evidence in its ongoing criminal investigation."  On July 10, 2014, the Government

8  filed an opposition to Lycurgan's Motion to Unseal, arguing that the withdrawal of the

9  civil forfeiture mooted the Motion to Unseal.

10     9.  On July 16, 2014, Lycurgan filed this instant action under the Civil Asset

11 Forfeiture Reform Act ("CAFRA") because the Government's time to file a civil

12 forfeiture complaint lapsed pursuant to 18 U.S.C. section 983(a)(3)(A).  On September

13 22, 2014, the Government moved to dismiss the case on the basis that the Government's

14 termination of the civil forfeiture deprived this Court of subject matter jurisdiction.  On

15 December 17, 2014, the Court granted the Government's motion. The Court's order

16 dismissing this action did not, and could not, consider the new evidence that the ATF no

17 longer needs to retain Lycurgan's property in its criminal investigation.  The Court held

18 that the Government properly retained Lycurgan's property, despite the termination of

19 the civil forfeiture, because the property was needed as evidence in an ongoing criminal

20 investigation.

21 ///

22 ///

23 ///

24

25

26

27

28

10.   On December 23, 2014, the ATF provided me notice that "[t]he United States has recently determined that the EP-80 lower firearm receivers seized [on March 15, 2014] are no longer needed as evidence in its criminal investigation.  Accordingly, it is returning those firearms to Ares Armor."  A true and correct copy of the Notice sent by the ATF to Ares Armor, which I signed on December 23, 2014, is attached hereto as **Exhibit "A."**  On December 23, 2014,  Mr. Karras and I met with the ATF agents who held Lycurgan's property.  The ATF agents, Mr. Karras and I spent the day meticulously counting each one of Lycurgan's released unfinished polymer lower receivers, which amounted to a total of 5,786.  A true and correct copy of the Release and Receipt of Property is attached hereto as **Exhibit "B."**  The ATF retained 18 of Lycurgan's unfinished polymer lower receivers without explanation.   A true and correct copy of Lycurgan's proposed amended complaint is attached hereto as **Exhibit "C."**

11.   On January 14, 2015, my office submitted a letter "requesting return" of Lycurgan's property.  A true and correct copy of the letter is attached hereto as **Exhibit "D."**  To date, Lycurgan's property has not been returned.

I declare under the penalty of perjury according to the laws of the United States, that the foregoing is true and correct and that this declaration was signed on January 14, 2015, in the County of San Diego, California.

/s/ Scott A. McMillan

_____

Scott A. McMillan

# EXHIBIT A



**U.S. Department of Justice**

**Bureau of Alcohol, Tobacco, Firearms and Explosives**

Date: Dec 23, 2014

TO:  Ares Armor
     208 North Freeman Street
     Oceanside, CA 92054

## NOTICE

The Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44, makes it unlawful for any person except for a Federal firearms licensee to engage in the business of dealing in firearms. 18 U.S.C. § 922(a)(1)(A). The GCA defines the term "firearm" to include any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; or the frame or receiver of any such weapon. 18 U.S.C. § 921(a)(3). The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is the agency charged with the administration and enforcement of the GCA.

**ATF has classified the "EP-80" lower firearm receiver manufactured by EP Arms, LLC, as a firearm for purposes of the GCA.** As part of a criminal investigation into the unlawful manufacture and distribution of firearms, ATF seized 5,804 EP-80 lower firearm receivers from Ares Armor pursuant to a Federal search warrant on March 15, 2014. The United States has recently determined that the EP-80 lower firearm receivers seized at that time are no longer needed as evidence in its criminal investigation. Accordingly, it is returning those firearms to Ares Armor.

**This letter serves to advise you that all Federal and State firearms laws apply to the subject EP-80 lower firearm receivers.** If you plan to engage in the business of dealing firearms, the GCA requires you to obtain a Federal firearms license. 18 U.S.C. § 923(a). You may obtain an application for a Federal firearms license at www.atf.gov or by calling your local ATF office. You may also work with a federal Firearms Licensee to lawfully sell or dispose of these firearms. Our examination of these firearms also reveals that they were never properly marked by the manufacturer in accordance with 18 U.S.C. § 923(i) and 27 C.F.R. § 478.92(a)(1). That deficiency must be corrected by the manufacturer before they may be sold.

- 2 -

**NOTICE**

**Notice Served
by:**
Special Agent, ATF: _Geoffrey Price   Geoff Price_

Date: _12/23/2014_

Location: _5901 Priestly Dr #304_

_Carlsbad, CA 92008_

**Witnessed by:**

Special Agent, ATF: _____ N. 2/---J, RAC_

Date: _12/23/14_

**I hereby acknowledge receipt of this Notice:**

Recipient's Name (Printed): _Scott A McMulta, Esq.   Attorney for Lryerson_

Recipient's Signature: _____

Date Signed by Recipient: _12/23/14_

# EXHIBIT B

U.S. Department of Justice

Bureau of Alcohol, Tobacco, Firearms and Explosives

# Release and Receipt of Property

| To: Geoff Rice, San Diego IV Field Office | Investigation Number | Date |
|---|---|---|
| | 784090-13-0011 | 12/17/2014 |

Property Description

| ☑ | Item Number | Description |
|---|---|---|
| ☐ | 000010 | FIREARM: RIFLE, MNF: UNKNOWN MANUFACTURER, TYPE: RECEIVER/FRAME, MODEL: UNKNOWN TYPE, CAL: ZZ, SN: NONE  *5,786 total* |
| | | ▓▓▓▓▓▓ 1649513     Location:   IN AGENT POSSESSION |

You are hereby authorized to release the above-described property to: (Name and address).

*Scott McMillan esq.  4670 Nebo Drive #200 La Mesa CA 91941*

Storage costs for this property from _____ to _____ will be paid by The Bureau of Alcohol, Tobacco, Firearms and Explosives. The recipient of the property will be responsible for all storage charges incurred by the property after _____. Please furnish this office with the original and 3 copies of this form upon execution of same, and furnish one copy to the property recipient.

| Signature | Title |
|---|---|
| Armando Hernandez | Resident Agent in Charge, San Diego IV Field Offic |

**Release**

I hereby certify that on *December 23,* 20 *14* , I released this property as shown below.

| Signature | Title | Firm Represented (If any) |
|---|---|---|
| *Ma. Rui* | *Special Agent* | |

**Receipt**

I hereby acknowledge receipt of this property on *December 23,* 20 *14* from, (Name of releasing firm or government agency):

| Signature | Title | Person, Firm or Governmental Agency Represented |
|---|---|---|
| *[signature]* | *Lawyer for Lycurgan, Inc* | *Lycurgan, Inc.* |

*\* Do not admit the description or character is
@ defined correctly. Admit the count is correct.*

For Official Use Only

ATF EF 3400.31

| Box Number | Total | Ares Armor Initial | ATF Initial | |
|---|---|---|---|---|
| 1 | 160 | | GSR | Marked 160 |
| 2 | 150 | | au | Marked 150 |
| 3 | 150 | | GSR | Marked 152 * |
| 4 | 80 | | au | |
| 5 | 49 | | au | Marked 149 |
| 6 | 150 | | au | Marked 150 |
| 7 | 150 | | au | Marked 150 |
| 8 | 80 | | au | Marked 80 |
| 9 | 150 | | au | Marked 150 |
| 10 | 150 | | au | Marked 150 |
| 11 | 150 | | au | Marked 150 |
| 12 | 150 | | GSR | Marked 150 |
| 13 | 150 | | GM | Marked 150 |
| 14 | 150 | | au | Marked 150 |
| 15 | 150 | | au | Marked 150 |
| 16 | 150 | | au | Marked 150 |
| 17 | 149 | | au | Marked 151 * |
| 18 | 150 | | au | Marked 150 |
| 19 | 150 | | au | Marked 150 |
| 20 | 140 | | GSR | Marked 140 |
| 21 | 150 | | GSR | Marked 150 |
| 22 | 150 | | GSR | Marked 150 |
| 23 | 70 | | GSR | Marked 70 |
| 24 | 70 | | au | Marked 70 |
| 25 | 100 | | GSR | Marked 100 |
| 26 | 98 | | GSR | Marked 98 |
| 27 | 100 | | GSR | Marked 100 |
| 28 | 100 | | au | Marked 100 |
| 29 | 60 | | au | Marked 60 |
| 30 | 90 | | au | Marked 90 |
| 31 | 50 | | GSR | Marked 54 * |
| 32 | 61 | | GSR | Marked 61 |
| 33 | 70 | | au | Marked 70 |
| 34 | 89 | | GSR | Marked 90 * |
| 35 | 88 | | GSR | Marked 90 * |
| 36 | 90 | | au | Marked 90 |
| 37 | 92 | | GSR | Marked 90 * (overage) |
| 38 | 67 | | au | Marked 67 |
| 39 | 90 | | GSR | Marked 90 |
| 40 | 89 | | GM | Marked 89 |
| 41 | 80 | | au | Marked 80 |
| 42 | 58 | | GSR | Marked 58 |
| 43 | 120 | | GSR | Marked 130 * |
| 44 | 90 | | GSR | Marked 90 |
| 45 | 90 | | GSR | Marked 90 |
| 46 | 70 | | GSR | Marked 70 |

| | | | | |
|---|---|---|---|---|
| 47 | 91 | | Can | Marked 90 ✗ (ourrage) |
| 48 | 90 | | Can | Marked 90 |
| 49 | 90 | | Can | Marked 90 |
| 50 | 90 | | Can | Marked 90 |
| 51 | 90 | | Can | Marked 90 |
| 52 | 66 | | Can | Marked 66 |
| 53 | 50 | | Can | Marked 50 |
| 54 | 9 | | Can | Marked 9 (Bag) |
| 55 | | | | |
| 56 | 5,786 total | | | |
| 57 | | | | |
| 58 | | | | |
| 59 | | | | |
| 60 | | | | |
| 61 | | | | |
| 62 | | | | |
| 63 | | | | |
| 64 | | | | |
| 65 | | | | |

# EXHIBIT C

1  Scott A. McMillan, SBN 212506
   Michelle D. Volk, SBN 217151
2  Sean E. Smith, SBN 288973
   **The McMillan Law Firm, APC**
3  4670 Nebo Dr., Suite 200
   La Mesa, CA 91941-5230
4  Tel. 619-464-1500 x 14
   Fax. 206-600-5095
5
   Attorneys for Petitioner,
6  Lycurgan, Inc.

7                  **UNITED STATES DISTRICT COURT**

8              **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 | LYCURGAN, INC., a California | Case No.: 14-CV-1679 JAH JLB |
   corporation, d/b/a Ares Armor,

11 |        Plaintiff,

12 |        vs.                    | [PROPOSED] AMENDED COMPLAINT
                                     FOR EQUITABLE RELIEF, or in the
13 |                                 alternative FOR DAMAGES, and FOR
   | TODD JONES, in his official    | ATTORNEYS FEES ACCORDING 28
14 | capacity as Director of the    | U.S.C. §2465(b)(1)(A); DEMAND FOR
   | Bureau of Alcohol, Tobacco, and | JURY TRIAL.
15 | Firearms Enforcement.

16 |        Defendant.

17

18      Plaintiff  LYCURGAN, INC., a California corporation, d/b/a Ares Armor

19  alleges:

20                        **JURISDICTION**

21      1. This Court has jurisdiction under Title 28, United States Code, Section

22  1331 because this matter is a civil action arising under the Constitution, laws, or

23  treaties of the United States.

                              **VENUE**
24
        2.  Venue is proper in the Southern District of California pursuant to Title
25
    28, United States Code, Section 1391(e)(1)(B), because a substantial part of the
26
    events or omissions giving rise to the claim occurred in this district.
27

28

**PARTIES**

3. Plaintiff LYCURGAN, INC., a California corporation, is a corporation which does business in San Diego County, California, under the fictitious business name of "Ares Armor."

4. Defendant TODD JONES, is the current Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"), a subdivision of the Department of Justice, and this suit is brought against him in his official capacity.

5. Plaintiff Lycurgan is informed and believes that the subject seized property is presently held within the jurisdiction of this Court.

**FIRST CLAIM FOR RELIEF**

RETURN OF PROPERTY PURSUANT TO 18 USC § 983

6. On March 15, 2014 heavily armed personnel of the BATFE entered the premises located at 180 Roymar Street, Oceanside, California. Those personnel conducted a search. During the course of the search the persons took approximately 5,804 unfinished polymer parts otherwise known as "unfinished polymer lower receivers."

7. Plaintiff is the owner of the 5,804 unfinished polymer parts.

8. Such 5,804 unfinished polymer parts are not "contraband" or "other property that the person from whom the property was seized may not legally possess" as such terms are used within the meaning of 18 U.S.C. § 983(a)(1)(F). Nor are such 5,804 unfinished polymer parts "contraband" or "other property that is illegal to possess" as such terms are used within the meaning of 18 U.S.C. § 983(d).

9. On March 27, 2014, the BATFE purported to give notice of seizure and administrative forfeiture proceedings of 5,804 unfinished polymer parts otherwise known as "unfinished polymer lower receivers." ("Notice")   The BATFE referred to the proceeding as ATF Case Number:  784090-13-0011-01, Asset ID:  14-ATF-009592.  Without admitting the truth of any facts asserted in said notice,

1   most of which are specifically contested, a copy of said Notice is attached hereto

2   as Exhibit A.

3        10.  The unfinished polymer parts are neither firearms, firearms receivers, or

4   firearms frames as such words are defined in the Gun Control Act of 1968 or prior

5   interpretative determination of the BATFE under the Act, e.g., 18 USC §

6   921(a)(3).

7        11.  On April 5, 2014, Plaintiff submitted a Verified Claim, attached hereto

8   as Exhibit 'B.'   Said Verified Claim was placed in the United States Mail, with

9   postage paid for Express Mail delivery, return receipt requested.  A true and

10  correct copy of the postal tracking transcript reflecting delivery to the Forfeiture

11  Counsel, Asset Forfeiture and Seized Property Division, Bureau of Alcohol,

12  Tobacco, Firearms and Explosives, 99 New York Avenue, NE, Mail Stop 3N600,

13  Washington, DC 20226, on April 9, 2014, is attached hereto as Exhibit C.

14       12.  On July 3, 2014, the BATFE executed a statement that it would not be

15  instituting Civil Forfeiture Proceedings.  A copy of that statement is attached

16  hereto as Exhibit D.

17       13.  On July 9, 2014, Plaintiff through its attorney of record made written

18  request for the release of the subject unfinished polymer parts to Assistant United

19  States Attorney assigned to a related action currently pending in this court entitled

20  *Lycurgan, Inc., d/b/a Ares Armor, Petitioner v. Bureau of Alcohol, Tobacco,*

21  *Firearms and Explosives, Respondent (In the Matter of the Search of: Ares Armor,*

22  *206/208 N Freeman St, Oceanside; Ares Armor, 416 National City Blvd; Ares*

23  *Armor Warehouse, 180 Roymar St D; and 2420 Industry, Oceanside, CA)*, So.

24  Dist. Cal. Case No. 14-cv-1424-JLS.

25       14.  On July 10, 2014, the United States Attorney's office stated in an

26  opposition filed within a related action currently pending in this court opposing

27  the disclosure of the affidavit which accompanied the request for the search

28  warrant issued to effect the March 15, 2014 raid on Plaintiff's facilities, e.g.,

[PROPOSED] Amended Complaint                                        3

1  *Lycurgan, Inc., d/b/a Ares Armor, Petitioner v. Bureau of Alcohol, Tobacco,*

2  *Firearms and Explosives, Respondent (In the Matter of the Search of: Ares Armor,*

3  *206/208 N Freeman St, Oceanside; Ares Armor, 416 National City Blvd; Ares*

4  *Armor Warehouse, 180 Roymar St D; and 2420 Industry, Oceanside, CA*), So.

5  Dist. Cal. Case No. 14-cv-1424-JLS, that:

6        "[i]n this case, there is an ongoing criminal investigation that is still

7        in the early stage of its proceedings. Gov. Exh. 4.  To date, ***an***

8        ***indictment has not been sought or obtained* . . .**"

9  [Case 14-cv-1424-JLS; Docket 8, page 9 (***emphasis added.***)]

10        15.  Defendant's time to initiate forfeiture proceedings have *lapsed* pursuant

11  to 18 U.S.C.  983(a)(3)(A), which provides:

12        "Not later than 90 days after a claim has been filed, the Government

13        shall file a complaint for forfeiture in the manner set forth in the

14        Supplemental Rules for Certain Admiralty and Maritime Claims or

15        return the property pending the filing of a complaint . . .."

16        16.  Based on information and belief and in reliance on the statements made

17  by a United States Government representative on July 10, 2014 as set forth in ¶ 14,

18  above, the Government has not "obtained a criminal indictment containing an

19  allegation that the property is subject to forfeiture; and . . . take the steps necessary

20  to preserve its right to maintain custody of the property as provided in the

21  applicable criminal forfeiture statute. . ." according to the requirements of 18

22  U.S.C.  983(a)(3)(B), and within the 90 days of the filing of Plaintiff's claim.

23        17.  On December 23, 2014, the BATFE notified Plaintiff: "The United

24  States has recently determined that the EP-80 lower firearm receivers seized [on

25  March 15, 2014] are no longer needed as evidence in its criminal investigation.

26  Accordingly, it is returning those firearms to Ares Armor."  A copy of that Notice

27  is attached hereto as Exhibit E.

28        18.  On December 23, 2014, the BATFE returned a total of 5,786 unfinished

1   polymer lower receivers to Plaintiff.  Accordingly, the Plaintiff is still without 18

2   of its seized unfinished polymer lower receivers.

3       19.  On January 14, 2015, Plaintiff sent a letter to the BATFE, requesting

4   the return of Plaintiff's 18 unfinished polymer lower receivers.  A copy of the

5   letter is attached hereto as Exhibit F.  The request explained why Plaintiff is

6   entitled to the immediate release of his unreturned items, pursuant to 18 U.S.C. §§

7   983(f)(1)-(2).  Plaintiff has not received the requested property to date.

8       20.  Plaintiff is entitled to the immediate release of the subject property,

9   pursuant to 18 U.S.C. § 983(f)(1) if:

10          "(A) the claimant has a possessory interest in the property;

11          (B) the claimant has sufficient ties to the community to provide

12          assurance that the property will be available at the time of the trial;

13          (C) the continued possession by the Government pending the final

14          disposition of forfeiture proceedings will cause substantial hardship

15          to the claimant, such as preventing the functioning of a business,

16          preventing an individual from working, or leaving an individual

17          homeless;

18          (D) the claimant's likely hardship from the continued possession

19          by the Government of the seized property outweighs the risk that the

20          property will be destroyed, damaged, lost, concealed, or transferred if

21          it is returned to the claimant during the pendency of the proceeding;

22          and

23          (E) none of the conditions set forth in paragraph (8) applies."

24   Plaintiff (A) owns the seized property, (B) has sufficient ties to the community to

25   provide assurance that the property will be available at the time of the trial, (C) has

26   been and will continue to suffer substantial hardship and financial loss if the

27   Government continues to retain its property, and (D) this hardship outweighs the

28   risk that the seized property will be lost because the Government has already had

---

[PROPOSED] Amended Complaint                                    5

1    nearly a year to examine the property, and lastly (E) the seized property is not

2    contraband.

3          21.  Wherefore, Plaintiff is entitled to a release of the subject property, or in

4    the alternative, for the monetary value of such unreturned items computed at the

5    value of $99 each.   Plaintiff is entitled to an award of attorneys fees according to

6    28 U.S.C. § 2465(b)(1)(A), plus costs and interest.

                                      **PRAYER**

8    Plaintiff Lycurgan, Inc. prays:

9          A.     That the Court command Defendant to release the 18 unreturned

10   subject items referenced in ATF Case Number:  784090-13-0011-01, Asset ID:

11   14-ATF-009592, forthwith and without delay.

12         B.     That the Court award attorneys fees, costs, and interests according to

13   28 U.S.C. § 2465(b)(1)(A).

14         C.     That the Court award such other relief that is meet and proper.

15                                      Respectfully submitted,

16                                      The McMillan Law Firm, APC

17   Dated:

18

19                              _____

20                              Scott A. McMillan
                                Attorneys for Lycurgan, Inc.
21                              Plaintiff

22

23

24

25

26

27

28

                    _____

                    [PROPOSED] Amended Complaint                    6

1

**DEMAND FOR JURY TRIAL**

2     Plaintiff Lycurgan, Inc., demands a jury trial on all matters so determinable.

3                                        Respectfully submitted,

4                                        The McMillan Law Firm, APC

5     Dated:

6

7                                        _____

8                                        Scott A. McMillan
                                         Attorneys for Lycurgan, Inc.
9                                        Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

# THE MCMILLAN LAW FIRM

Scott A. McMillan
Michelle D. Volk
Sean E. Smith

A PROFESSIONAL CORPORATION
4670 Nebo Drive, Suite 200
La Mesa, CA 91941-5230

Tel: (619) 464-1500
Fax: (206) 600-5095

All lawyers licensed to practice in California.

---

January 14, 2015

Geoffrey Rice, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives
5901 Priestly Dr., No. 304
Carlsbad, CA 92008

        Re:    Request for release of property

Dear Special Agent Rice:

As you will recall, you served my client, Lycurgan, Inc. ("Lycurgan"), d/b/a Ares Armor, a Notice on December 23, 2014 that provided: "The United States has recently determined that the EP-80 lower firearm receivers seized [on March 15, 2014] are no longer needed as evidence in its criminal investigation. Accordingly, it is returning those firearms to Ares Armor." A copy of the Notice is attached to this letter.

On December 23, 2014, Scott McMillan, Esq. from my office and Dimitrios Karras, CEO of Lycurgan, met with you and other ATF agents for the purpose of recovering Lycurgan's seized 5,804 unfinished polymer lower receivers. After meticulously counting each of the returned items, the ATF determined that it released only 5,786 unfinished polymer lower receivers. A copy of the Release and Receipt of Property is attached to this letter. Accordingly, the ATF retained 18 of Lycurgan's seized items.

This letter serves as a request, in accordance with 18 U.S.C. § 983(f)(2), for the release and return of Lycurgan's 18 unfinished polymer lower receivers that remain in the ATF's custody, control and/or possession. Lycurgan is entitled to immediate release of his seized property if:

        (A) the claimant has a possessory interest in the property;
        (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
        (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
        (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
        (E) none of the conditions set forth in paragraph (8) applies.

Bureau of Alcohol, Tobacco, Firearms and Explosives
January 14, 2015                                                                    Page 2

(18 U.S.C. § 983(f)(1).)

Lycurgan satisfies all of the aforementioned elements.  Lycurgan (A) owns the seized property
and (B) has sufficient ties to the community to provide assurance that the property will be
available at the time of the trial, (C) has been and will continue to suffer substantial hardship
and financial loss if the Government continues to retain its property, and (D) this hardship
outweighs the risk that the seized property will be lost because the Government has already had
nearly a year to examine the property, and lastly (E) the seized property is not contraband
according to the ATF's prior determinations, Lycurgan's retained expert witness who is a
former and longtime ATF agent, and supported by the ATF's release of Lycurgan's 5,786
unfinished polymer lower receivers.

I look forward to your prompt response.  If you decline to return Lycurgan's property, we will
file a petition in district court for the release of Lycurgan's property, pursuant to 18 U.S.C. §
983(f)(3).

Sincerely,

Sean E. Smith, Esq.

cc:
Daniel E. Butcher, Esq.
Andrew R. Haden, Esq.
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Daniel.Butcher@usdoj.gov