LAURA E DUFFY
United States Attorney
DANIEL E. BUTCHER
Assistant U.S. Attorney
California Bar No. 144624
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7696
Fax: (619) 546-7751
Email: Daniel.Butcher@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN INC. dba ARES ARMOR,<br><br>Plaintiff<br><br>v.<br><br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br><br>Defendants. | Case No.: 14CV1679 JLS (BGS)<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL<br><br>DATE: March 5, 2015<br>TIME: 1:30 p.m.<br><br>Hon. Janis L. Sammartino |

I

INTRODUCTION

Plaintiff has filed a "Motion for a New Trial" following this Court's dismissal of this case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff's motion seeks reconsideration of the Court's dismissal Order. Because Plaintiff's motion seeks the same relief that this Court has already ruled is not available under the Civil Asset Forfeiture Reform Act (CAFRA) -- return of property seized pursuant to a criminal search warrant -- the Court should deny Plaintiff's motion.

II

STATEMENT OF FACTS

On March 15, 2014, the United States Department of Alcohol, Tobacco, Firearms, and Explosives (ATF) seized approximately 5,804 EP80 lower receivers from Plaintiff pursuant to a search warrant issued under Fed. R. Crim. P. 41 by United States Magistrate Judge Skomal. ATF retained the EP80s for a criminal investigation pending in the Eastern District of California. [See Declaration of Brice P. McCracken (ECF #7-3) at ¶ 6.][1]

On July 16, 2014, Plaintiff filed this case seeking return of the seized EP80s pursuant to CAFRA. [ECF #1.] Defendant filed a motion to dismiss because CAFRA does not provide a jurisdictional basis to compel the return of property seized pursuant to a criminal search warrant. [ECF #7.]

While that motion was pending, the Eastern District of California determined that it no longer needed the EP80s seized from Plaintiff in its criminal investigation. Defendant notified the Court of this development. [See Declaration of Daniel E. Butcher Regarding Pending Motion to Dismiss Complaint (ECF #16).] ATF subsequently returned all of the EP80s in its possession. [See Declaration of Armanda Hernandez.][2]

The Court granted Defendant's motion to dismiss. [ECF #19.] In its Order, the Court acknowledged receipt of Defendant's notice that the Eastern District of California no longer needed the lower receivers for their investigation. [Id. at 4, n. 2.] The Court ruled that, "[r]egardless of this development, … the Court maintains that it

---

[1] The EP80 lower receivers, the search warrant, and an overview of the various civil cases brought by Plaintiff are discussed in the Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss. [See ECF 7-1 at 2-4.]

[2] There was a discrepancy between the count that took place when the lower receivers were seized (5,804) and the count that took place when the lower receivers were returned (5,786). [Id., ¶¶ 2-5.] Regardless of which count was correct, ATF returned all of the lower receivers in its possession to Plaintiff. [Id., ¶ 6.]

1  lacks subject matter jurisdiction over this case on the ground that CAFRA does not
2  apply for the reasons stated in this Order." [Id.]
3        Plaintiff now seeks reconsideration of the Court's dismissal order, arguing that
4  purportedly "newly discovered evidence" entitles it to a new trial.

### III

### ARGUMENT

7        As the Court has already recognized, CAFRA does not provide a jurisdictional
8  basis to resolve disputes over property seized pursuant to a criminal search warrant.
9  Accord Celata v. United States, 334 Fed. Appx. 801, 802 (9th Cir. 2009) (unpublished)
10 (CAFRA does not provide a jurisdictional basis to compel the return of property
11 seized pursuant to a validly executed search warrant).  Instead, CAFRA applies only
12 to "property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture
13 statute." 18 U.S.C. § 983(a)(2)(A).

    A. <u>The Court's Order Expressly Considered the "New" Evidence Upon Which Plaintiff's Motion for a New Trial is Predicated</u>

16       Plaintiff's Motion for a New Trial is predicated upon the (mistaken) premise
17 that "[t]he Court's order dismissing this action did not, and could not, consider the
18 new evidence that the ATF no longer needs to retain [Plaintiff's] property in this
19 criminal investigation."  [Plaintiff's Motion (ECF #21) at 5.]  To the contrary, this
20 evidence was expressly acknowledged and considered by the Court.  [See ECF #19 at
21 4, n.2 ("The Court is aware that the United States Attorney's Office for the Eastern
22 District of California has informed the United States Attorney's Office for the
23 Southern District of California that it no longer needs the lower receivers presently
24 being held in connection with their investigation.").]  And the Court ruled that this
25 development did not create jurisdiction under CAFRA.  [Id. ("Regardless of this
26 development, however, the Court maintains that it lacks subject matter jurisdiction

1 over this case on the ground that CAFRA does not apply for the reasons stated in this
2 Order.").]

3 Thus, there are no changed circumstances that should cause the Court to
4 reconsider its order dismissing this case. The Court therefore should deny Plaintiff's
5 Motion for a New Trial. See <u>School Dist. No. 1J, Multnomah County v. ACandS,</u>
6 <u>Inc.</u>, 5 F.3d 1255, 1262-63 (9th Cir. 1993) ("Reconsideration is appropriate if the
7 district court (1) is presented with newly discovered evidence, (2) committed clear
8 error or if the initial decision was manifestly unjust, or (3) if there is an intervening
9 change in controlling law."); <u>Brown v. Wright</u>, 588 F.2d 708, 710 (9th Cir. 1978)
10 ("There are three grounds for granting new trials in court-tried actions under Rule
11 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered
12 evidence.").

13 B. <u>The Court Should Deny Plaintiff's Request to File an Amended CAFRA
14 Complaint</u>

15 Plaintiff's Motion for a New Trial attaches a proposed amended complaint.
16 [<u>See</u> Ex. 3 to McMillan Declaration (ECF #21-1).] Plaintiff's proposed amended
17 complaint is also predicated on CAFRA, but Plaintiff avers that it "Pleads a Viable
18 Cause of Action Under CAFRA" because it includes "the newly discovered evidence
19 that the ATF admits it no longer has any reason to continue holding Lycurgan's
20 property," and "that the ATF released only 5,786 of the 5,804 [EP80s], thereby
21 improperly withholding 18 of them." [Plaintiff's Motion for a New Trial (ECF #21)
22 at 6.]

23 As discussed, however, this is neither "newly discovered evidence" nor does it
24 "Plead[] a Viable Cause of Action Under CAFRA." The Court was aware of and
25 expressly acknowledged in its Order that "the Eastern District of California . . . no
26 longer needs the lower receivers presently being held in connection with their
27 investigation." [Order (ECF #19) at 4, n.2.] And the Court ruled that this
28

4

development did not create jurisdiction under CAFRA: "Regardless of this development, however, the Court maintains that it lacks subject matter jurisdiction over this case on the ground that CAFRA does not apply for the reasons stated in this Order." [Id.]

Thus, the Court has already considered the "new" evidence that Plaintiff has added to its proposed amended complaint and ruled that it did not create jurisdiction under CAFRA.[3] Plaintiff's proposed amended complaint therefore is subject to dismissal for the same reason that its original complaint was subject to dismissal: CAFRA does not provide a jurisdictional basis to order the return of property seized pursuant to a criminal search warrant. The Court therefore should deny Plaintiff leave to file its proposed amended complaint. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir.1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

---

[3] The procedural posture of this case when the Court granted Defendant's motion to dismiss was that ATF was holding 5,804 EP80s no longer needed in the Eastern District's criminal investigation. [See Order Granting Defendant's Motion to Dismiss (ECF 19) at 1-2, and 4, n.2.] Now, Plaintiff alleges that ATF is holding 18 EP80s no longer needed in the Eastern District's criminal investigation. Even assuming the truth of Plaintiff's allegations, CAFRA does not provide a jurisdictional basis to resolve a dispute over 18 unneeded EP80s for the same reasons that the Court ruled that CAFRA did not provide a jurisdiction basis to resolve a dispute over 5,804 unneeded EP80s.

5

*14-cv-1679*

IV

<u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Plaintiff's Motion for a New Trial.

DATED:    February 12, 2015            Respectfully submitted,

LAURA E. DUFFY
United States Attorney

 s/ Daniel E. Butcher
DANIEL E. BUTCHER
Assistant United States Attorney
Attorneys for Defendant