Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Plaintiff,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR,<br>              Plaintiff,<br>v.<br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br>              Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br>**PLAINTIFF LYCURGAN, INC.'S REPLY IN SUPPORT OF MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(a)**<br><br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: March 5, 2015<br>Time: 1:30 p.m. |

## REPLY

The Government's brief is remarkable in its pointed simplicity:

First, the Government offers the declaration of its top ATF agent in San Diego to state that the ". . . ATF returned all of the lower receivers in its possession to Plaintiff." [Oppo., pg. 1, fn. 2.]

Second, the Government again raises the presence of an investigation of some other persons in another district court in California. [Oppo., pg. 1.]

Third, that the Court already considered the "evidence" implicated by the new trial motion.

The first argument, which relies on Mr. Armando Hernandez's declaration, simply lacks evidentiary value because Mr. Hernandez was nowhere around the polymer receivers while they were being inventoried on March 15, 2014. [Karras

Dec.] And he doesn't suggest that he was in a place to see what was happening with the seized items. Some boxes had been breached. [McMillan Dec.] Hernandez may have even been present when that was pointed out. [Id.] Indeed, Mr. Hernandez ordered the first two boxes returned to where the count was taking place. Finally, Mr. Hernandez does not establish any personal knowledge over the whereabouts of Lycurgan's outstanding property or whether the ATF agents had taken the property.

As to the second argument, the presence of an investigation in some other location is irrelevant under either the CAFRA inquiry or the Rule 41(g) inquiry. The venue for a motion for either a CAFRA petition or a Rule 41(g) motion is the district from where the goods were seized.

With respect to the third argument: that all the unfinished polymer lower receivers were not be returned to Lycurgan was not known at the time that the Court entered its ruling on December 17, 2014 because the disappearance of the unfinished polymer receivers was only discovered on December 23, 2014. Implied within the court's ruling was the premise that the entirety of the items would be returned.

## ARGUMENT

**1. The Declaration of the ATF's Resident Agent In Charge Armando Hernandez that the "ATF returned all of the lower receivers in its possession to Plaintiff" states a pregnant denial.**

A negative pregnant, sometimes called a pregnant denial, refers to a denial which implies its affirmative opposite by seeming to deny only a qualification of the allegation and not the allegation itself. For example, "I have never consumed alcohol while on duty" might imply that the person making the statement had consumed on other occasions, and was only denying that they had done so while on duty.

Here, the statement of Armando Hernandez does not state that all of the lower receivers seized from Lycurgan have been returned to Lycurgan. Such a statement would certainly be more probative. But, Mr. Hernandez conspicuously fails to make any such statement.

Perhaps what Mr. Hernandez means is that the ATF "officially" does not have the unfinished lower receivers. Which does not rule out the possibility that some of the agents took the receivers home, or kept them as "war trophy's." Or, that *unofficially*, the agency has kept some for training or conversation pieces. The taking of such "booty" from Lycurgan is consistent with the ATF's mistreatment of the small business at the outset and the ATF's perception of Lycurgan as an "enemy." [1]

Plaintiff Lycurgan objects to the admission of Mr. Hernandez's declaration for the reasons stated separately at length in the accompanying objection.

**2. For either a petition under CAFRA or a motion under Rule 41(g), the venue is the district court in which the seizure took place.**

The Government repeatedly brings up some investigation in the Eastern District of California, but seemingly forgets that the warrant was issued in this district and the seizure took place in this district. The Eastern District of California investigation is immaterial to this inquiry.

---

[1] Taking one's enemy's possessions is a human tradition that appears throughout history, and across cultures. See, e.g., Deuteronomy 20:14: "As for the women, the children, the livestock and everything else in the city, you may take these as plunder for yourselves. And you may use the plunder the LORD your God gives you from your enemies." But the ATF is a law enforcement agency, and for obvious reasons would not normally be expected to engage in plunder or vandalism. The Court may recall that the ATF also took some pistol unfinished frames from its raid on the National City store. Those were not listed on the inventory.

The court erred in dismissing Lycurgan's complaint as this court plainly had, and continues to have, subject matter jurisdiction to resolve the improper seizure of Lycurgan's property:

- There was a seizure.
- There has been no indictment. No indictment is planned.
- It is admittedly unnecessary to retain any of the subject property.
- The Government abandoned its forfeiture action.
- Lycurgan's property remains with the Government.

**A. Venue for a motion under Rule 41(g) lies in the district where the seizure took place.**

In the motion to dismiss proceedings, the Government suggested, without directly saying as much that Lycurgan could take its efforts to recover its property "on the road" to the District Court for the Eastern District of California. But, Rule 41(g) expressly provides that any such effort must be made in the district where property was seized:

> "(g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

USCS Fed Rules Crim Proc R 41(g).

Where rule 41(g) motions are made before an indictment is filed, they are properly treated as a civil equitable proceedings. *Ramsden v. U.S.*, 2 F.3d 322, 324 (9th Cir. 1993); *U.S. v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987). The factors considered in exercising equitable jurisdiction are (1) whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate

remedy at law for the redress of his grievance. *Gmach Shefa Chaim v. United States*, 692 F. Supp. 2d 461, 469 (D.N.J. 2010)   District Courts have subject matter jurisdiction to entertain such proceedings.

### B. Venue for a petition for return of seized property lies in the district in which it is seized.

18 U.S. Code section 983 plainly provides that "[i]f not later than 15 days after the date of a request under [section 983(f)(2)] the property has not been released, the claimant may file a petition in the district court in which the complaint has been filed or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized."  18 USC § 983(f)(2).

Thus, the presence of an investigation taking place in another locale is of no moment.  The warrant issued from the District Court for the Southern District of California.  The seizure took place District Court for the Southern District of California.

The Ninth Circuit Court of Appeals recognizes the availability of a remedy by way of a petition under section 983(f)(1).  *Jordan v. United States*, 606 F.3d 1135, 1137 (9th Cir. Cal. 2010)[Rule 41(g) motion denied but court noted that "Petitioners *may also* request the immediate return of their property under 18 U.S.C. § 983(f)(1)."]

### 3. That the 18 unfinished polymer lower receivers retained by the Government only became known on December 23, 2014.

The Court entered its dismissal on December 17, 2014.  The ATF provided some, but not all, of the unfinished lower receivers six days later.   The Court could not have taken this retention into account.  Thus, the new trial is the proper vehicle to raise the new information that the Government still refuses to account for property it took, despite lacking any basis for continuing to hold it.

# CONCLUSION

Based on the foregoing reasons, Plaintiff Lycurgan, Inc. respectfully requests this Court to grant its motion for new trial. The Court plainly has subject matter jurisdiction to entertain Lycurgan's efforts to recover its property under three different scenarios. Plaintiff respectfully requests that the Court reinstate the case.

                                      Respectfully submitted,

                                      THE MCMILLAN LAW FIRM, APC

                                      /s/ Scott A. McMillan

Dated: February 19, 2015                      _____

                                      Scott A. McMillan
                                      Attorneys for Petitioner/Movant
                                      Lycurgan, Inc.

# CERTIFICATE OF SERVICE

I, Scott A. McMillan, am a citizen of the United States, am over the age of eighteen, and not a party to the above entitled action. My business address is 4670 Nebo Drive, Suite 200, La Mesa, CA 91941-5230. I have caused service of the following documents:

- PLAINTIFF LYCURGAN, INC.'S REPLY IN SUPPORT OF MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(a)
- SUPPLEMENTAL DECLARATION OF SCOTT A. McMILLAN IN SUPPORT OF PLAINTIFF LYCURGAN, INC.'S REPLY BRIEF
- REPLY DECLARATION FO DIMITRIOS KARRAS IN SUPPORT OF PLAINTIFF LYCURGAN, INC.'S MOTION FOR NEW TRIAL
- PLAINTIFF'S OBJECTION TO DECLARATION OF ARMANDO HERNANDEZ

By Electronic Court Service, upon:

**U S Attorney CV** Efile.dkt.civ@usdoj.gov
**Daniel Everett Butcher** Daniel.Butcher@usdoj.gov, efile.dkt.civ@usdoj.gov, yvette.macias@usdoj.gov

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on the date set forth below.

Dated: February 19, 2015

The McMillan Law Firm, APC

/s/ Scott A. McMillan
_____
Scott A. McMillan
Attorney for Plaintiff
Lycurgan, Inc.