Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
Sean E. Smith, SBN 288973
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Plaintiff,
Lycurgan, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR,<br>　　　　　　Plaintiff,<br>v.<br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br>　　　　　　Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br>**PLAINTIFF'S OBJECTION TO DECLARATION OF ARMANDO HERNANDEZ**<br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: March 6, 2015<br>Time: 1:30 P.M. |

**OBJECTIONS TO DECLARATION OF RESIDENT AGENT IN CHARGE ARMANDO HERNANDEZ IN OPPOSITION OF MOTION FOR NEW TRIAL**

**Objection No. 1**

"1.  I am the Resident Agent in Charge (RAC) of San Diego Group IV for the Los Angeles Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). In my capacity as the RAC, I am aware of the facts surrounding the seizure of EP80 firearms from Ares Armor and the subsequent return of those firearms."

**Basis for Objection**

With the foregoing language, Declarant Hernandez invalidates his declaration at the outset. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) The Declarant does not claim to have personal

knowledge of the matter, but rather admits that he merely is "aware of the facts surrounding" the matter.

The personal knowledge requirement reflects the common law's judicious demand for the most reliable sources of information. (See FRE 602, Adv. Comm. Notes (1972); *United States v. Lemire* (DC Cir. 1983) 720 F.2d 1327, 1347; *Carmen v. San Francisco Unified School Dist.* (9th Cir. 2001) 237 F.3d 1026, 1028.) The testimony must be based upon what he or she actually observed or perceived through his or her own senses—i.e. the witness must have first-hand knowledge acquired by directly perceiving the event that is the subject of his or her testimony. (See FRE 602, Adv. Comm. Notes (1972); *SEC v. Singer* (SD NY 1992) 786 F.Supp. 1158, 1167.) In sum, the personal knowledge requirement requires (1) an opportunity to observe an event and (2) actual observation of the event—mere presence at the event or occurrence is not enough. (*See McCrary-El v. Shaw* (8th Cir. 1993) 992 F.2d 809, 810-11.)

Here, because the declarant merely claims to be aware of facts surrounding the matter, but does not claim to have personal knowledge of those facts, the declaration is improperly advanced for lack of personal knowledge under Fed. R. Evid. 602.

**Objection No. 2**

> "2. On March 15, 2014, ATF executed Federal Search Warrants at four Ares Armor locations searching for evidence of illegally manufactured and distributed firearms. Under the authority of those search warrants, ATF seized all EP80 model firearms on the premises. Prior to departing the locations, ATF provided a receipt for the property identifying 5804 firearms were seized by ATF."

**Basis for Objection**

Lack of personal knowledge. (FRE 602.) Hearsay (FRE 802.) "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) The personal knowledge requirement reflects the common law's judicious demand for the most reliable

1  sources of information. (See FRE 602, Adv. Comm. Notes (1972); *United States v. Lemire*
2  (DC Cir. 1983) 720 F.2d 1327, 1347; *Carmen v. San Francisco Unified School Dist.* (9th
3  Cir. 2001) 237 F.3d 1026, 1028.) The testimony must be based upon what he or she actually
4  observed or perceived through his or her own senses—i.e. the witness must have first-hand
5  knowledge acquired by directly perceiving the event that is the subject of his or her
6  testimony. (See FRE 602, Adv. Comm. Notes (1972); *SEC v. Singer* (SD NY 1992) 786
7  F.Supp. 1158, 1167.) In sum, the personal knowledge requirement requires (1) an
8  opportunity to observe an event and (2) actual observation of the event—mere presence at
9  the event or occurrence is not enough. (*See McCrary-El v. Shaw* (8th Cir. 1993) 992 F.2d
10 809, 810-11.)

11      Here, Plaintiff objects to declaration of Armando Hernandez and the testimony
12 contained therein because Mr. Hernandez lacks any personal knowledge of the events
13 contemplated by his declaration. Mr. Hernandez was only present at the Oceanside location.
14 [Karras Decl. ¶ 5-6.] Thus, he was not present or capable of perceiving any of the events at
15 the other locations. Moreover, because he did not participate in the count of the seized items
16 or issuance of the reception, he cannot speak to those events. [Id.] Because he was not
17 present at the specific locations of the events declared, he was incapable of observing the
18 events and perceiving with them with his own senses. As such, the declaration is void for
19 want of personal knowledge. For the same reasons, his statements merely constitute hearsay
20 and are therefore inadmissible under Fed. R. Evid. 802.

**Objection No. 3**

> "3. The firearms were sealed inside large boxes and loaded directly int a transport van for transport to an ATF storage facility. ATF personnel retained custody and control of the seized firearms through transit and ensured all firearms were locked up inside the storage facility."

**Basis for Objection**

26     Lack of personal knowledge. (FRE 602.) Hearsay (FRE 802.) "A witness may not
27 testify to a matter unless evidence is introduced sufficient to support a finding that the
28 witness has personal knowledge of the matter." (Fed. R. Evid. 602.) The personal

1  knowledge requirement reflects the common law's judicious demand for the most reliable
2  sources of information. (See FRE 602, Adv. Comm. Notes (1972); *United States v. Lemire*
3  (DC Cir. 1983) 720 F.2d 1327, 1347; *Carmen v. San Francisco Unified School Dist.* (9th
4  Cir. 2001) 237 F.3d 1026, 1028.) The testimony must be based upon what he or she actually
5  observed or perceived through his or her own senses—i.e. the witness must have first-hand
6  knowledge acquired by directly perceiving the event that is the subject of his or her
7  testimony. (See FRE 602, Adv. Comm. Notes (1972); *SEC v. Singer* (SD NY 1992) 786
8  F.Supp. 1158, 1167.) In sum, the personal knowledge requirement requires (1) an
9  opportunity to observe an event and (2) actual observation of the event—mere presence at
10 the event or occurrence is not enough. (*See McCrary-El v. Shaw* (8th Cir. 1993) 992 F.2d
11 809, 810-11.)

12  Here, Plaintiff objects to declaration of Armando Hernandez and the testimony
13 contained therein because Mr. Hernandez lacks any personal knowledge of the events
14 contemplated by his declaration. He was not present perceive each of the events to which
15 he declares. [See Karras Decl.] Because he was not present at the location of the events
16 declared, he was incapable of observing the events and perceiving with them with his own
17 senses. As such, the declaration is void for want of personal knowledge. For the same
18 reasons, his statements merely constitute hearsay and are therefore inadmissible under Fed.
19 R. Evid. 802.

**Objection No. 4**

> "4. On December 22, 2014, ATF retrieved all the EP80 firearms boxes from storage for transport to the ATF Carlsbad field office to facilitate the return of the seized property to Ares Armor. There was no indication that the storage facility had been breached or that any of the original boxes containing the seized firearms had been opened."

**Basis for Objection**

Lack of personal knowledge. (FRE 602.) Hearsay (FRE 802.) "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) The personal

knowledge requirement reflects the common law's judicious demand for the most reliable sources of information. (See FRE 602, Adv. Comm. Notes (1972); *United States v. Lemire* (DC Cir. 1983) 720 F.2d 1327, 1347; *Carmen v. San Francisco Unified School Dist.* (9th Cir. 2001) 237 F.3d 1026, 1028.) The testimony must be based upon what he or she actually observed or perceived through his or her own senses—i.e. the witness must have first-hand knowledge acquired by directly perceiving the event that is the subject of his or her testimony. (See FRE 602, Adv. Comm. Notes (1972); *SEC v. Singer* (SD NY 1992) 786 F.Supp. 1158, 1167.) In sum, the personal knowledge requirement requires (1) an opportunity to observe an event and (2) actual observation of the event—mere presence at the event or occurrence is not enough. (*See McCrary-El v. Shaw* (8th Cir. 1993) 992 F.2d 809, 810-11.)

Here, Plaintiff objects to declaration of Armando Hernandez and the testimony contained therein because Mr. Hernandez lacks any personal knowledge of the events contemplated by his declaration. He was not there. Because he was not present at the location of the events declared, he was incapable of observing the events and perceiving with them with his own senses. Moreover, the Declaration of Plaintiff Karras— an individual with personal knowledge — clearly indicate that a third box was tampered with and unsealed, contrary to the unsupported assertions of the declarant. [Karras Decl. ¶ 8; McMillan Decl. ¶ As such, the declaration is void for want of personal knowledge. For the same reasons, his statements merely constitute hearsay and are therefore inadmissible under Fed. R. Evid. 802.

**Objection No. 5**

> "5. On December 23, 2014, ATF returned the seized EP80 firearms to Ares Armor. As part of the orderly return, ATF and personnel from Ares Armor counted each firearm. On some instances, the count indicated on the outside of the sealed box did not match the count when opened and individually counted. The final count of EP80 firearms returned to Ares Armor was 5,786."

**Basis for Objection**

Lack of personal knowledge. (FRE 602.) Hearsay (FRE 802."A witness may not

testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) The personal knowledge requirement reflects the common law's judicious demand for the most reliable sources of information. (See FRE 602, Adv. Comm. Notes (1972); *United States v. Lemire* (DC Cir. 1983) 720 F.2d 1327, 1347; *Carmen v. San Francisco Unified School Dist.* (9th Cir. 2001) 237 F.3d 1026, 1028.) The testimony must be based upon what he or she actually observed or perceived through his or her own senses—i.e. the witness must have first-hand knowledge acquired by directly perceiving the event that is the subject of his or her testimony. (See FRE 602, Adv. Comm. Notes (1972); *SEC v. Singer* (SD NY 1992) 786 F.Supp. 1158, 1167.) In sum, the personal knowledge requirement requires (1) an opportunity to observe an event and (2) actual observation of the event—mere presence at the event or occurrence is not enough. (*See McCrary-El v. Shaw* (8th Cir. 1993) 992 F.2d 809, 810-11.)

Here, Plaintiff objects to declaration of Armando Hernandez and the testimony contained therein because Mr. Hernandez lacks any personal knowledge of the events contemplated by his declaration. Mr. Hernandez was present at the location but he did not participate in the count or perceive any of the events to which he declares. [Karras Decl. ¶ 7.] As such, the declaration is void for want of personal knowledge. For the same reasons, his statements merely constitute hearsay and are therefore inadmissible under Fed. R. Evid. 802.

**Objection No. 6**

> "6. ATF does not have any EP80s firearms seized from Ares Armor in its possession nor did ATF remove any EP80 firearms from storage for further evidentiary testing."

**Basis for Objection**

Lack of personal knowledge. (FRE 602.) Hearsay (FRE 802.) "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) The personal

1 knowledge requirement reflects the common law's judicious demand for the most reliable
2 sources of information. (See FRE 602, Adv. Comm. Notes (1972); *United States v. Lemire*
3 (DC Cir. 1983) 720 F.2d 1327, 1347; *Carmen v. San Francisco Unified School Dist.* (9th
4 Cir. 2001) 237 F.3d 1026, 1028.) The testimony must be based upon what he or she actually
5 observed or perceived through his or her own senses—i.e. the witness must have first-hand
6 knowledge acquired by directly perceiving the event that is the subject of his or her
7 testimony. (See FRE 602, Adv. Comm. Notes (1972); *SEC v. Singer* (SD NY 1992) 786
8 F.Supp. 1158, 1167.) In sum, the personal knowledge requirement requires (1) an
9 opportunity to observe an event and (2) actual observation of the event—mere presence at
10 the event or occurrence is not enough. (*See McCrary-El v. Shaw* (8th Cir. 1993) 992 F.2d
11 809, 810-11.)

12 Here, Plaintiff objects to declaration of Armando Hernandez and the testimony
13 contained therein because Mr. Hernandez lacks any personal knowledge of the events
14 contemplated by his declaration. There are insufficient facts explaining Mr. Hernandez's
15 knowledge or perception of the facts declared. As such, the declaration is void for want of
16 personal knowledge. For the same reasons, his statements merely constitute hearsay and are
17 therefore inadmissible under Fed. R. Evid. 802.

**Conclusion**

In sum, and for the foregoing reasons, Plaintiff objects to the declaration of Armando Hernandez in opposition to Plaintiff's motion for new trial.

DATED: February 19, 2015

Respectfully submitted:
THE MCMILLAN LAW FIRM, APC
/s/ Scott A. McMillan

_____
Scott A. McMillan
Attorney for Plaintiff
Lycurgan, Inc.