# EXHIBIT G

# THE MCMILLAN LAW FIRM

Scott A. McMillan  
Michelle D. Volk  
Sean E. Smith

A PROFESSIONAL CORPORATION  
4670 Nebo Drive, Suite 200  
La Mesa, CA 91941-5230

Tel: (619) 464-1500  
Fax: (206) 600-5095

All lawyers licensed to practice in California.

---

January 14, 2015

Geoffrey Rice, Special Agent  
Bureau of Alcohol, Tobacco, Firearms and Explosives  
5901 Priestly Dr., No. 304  
Carlsbad, CA 92008

                Re:    Request for release of property

Dear Special Agent Rice:

As you will recall, you served my client, Lycurgan, Inc. ("Lycurgan"), d/b/a Ares Armor, a Notice on December 23, 2014 that provided: "The United States has recently determined that the EP-80 lower firearm receivers seized [on March 15, 2014] are no longer needed as evidence in its criminal investigation. Accordingly, it is returning those firearms to Ares Armor." A copy of the Notice is attached to this letter.

On December 23, 2014, Scott McMillan, Esq. from my office and Dimitrios Karras, CEO of Lycurgan, met with you and other ATF agents for the purpose of recovering Lycurgan's seized 5,804 unfinished polymer lower receivers. After meticulously counting each of the returned items, the ATF determined that it released only 5,786 unfinished polymer lower receivers. A copy of the Release and Receipt of Property is attached to this letter. Accordingly, the ATF retained 18 of Lycurgan's seized items.

This letter serves as a request, in accordance with 18 U.S.C. § 983(f)(2), for the release and return of Lycurgan's 18 unfinished polymer lower receivers that remain in the ATF's custody, control and/or possession. Lycurgan is entitled to immediate release of his seized property if:

    (A) the claimant has a possessory interest in the property;  
    (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;  
    (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;  
    (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and  
    (E) none of the conditions set forth in paragraph (8) applies.

(18 U.S.C. § 983(f)(1).)

Lycurgan satisfies all of the aforementioned elements. Lycurgan (A) owns the seized property and (B) has sufficient ties to the community to provide assurance that the property will be available at the time of the trial, (C) has been and will continue to suffer substantial hardship and financial loss if the Government continues to retain its property, and (D) this hardship outweighs the risk that the seized property will be lost because the Government has already had nearly a year to examine the property, and lastly (E) the seized property is not contraband according to the ATF's prior determinations, Lycurgan's retained expert witness who is a former and longtime ATF agent, and supported by the ATF's release of Lycurgan's 5,786 unfinished polymer lower receivers.

I look forward to your prompt response. If you decline to return Lycurgan's property, we will file a petition in district court for the release of Lycurgan's property, pursuant to 18 U.S.C. § 983(f)(3).

Sincerely,

Sean E. Smith, Esq.

cc:
Daniel E. Butcher, Esq.
Andrew R. Haden, Esq.
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Daniel.Butcher@usdoj.gov