EXHIBIT 'A'

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN INC. DBA ARES ARMOR,<br><br>Plaintiff,<br><br>vs.<br><br>B. TODD JONES in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1–10,<br><br>Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br><br>**ORDER: (1) DENYING PLAINTIFF LYCURGAN, INC.'S MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(a); AND (2) GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>(ECF No. 21) |

Presently before the Court is Plaintiff Lycurgan, Inc.'s ("Plaintiff") Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59(a). (ECF No. 21.) Also before the Court is Defendant's Response in Opposition to (ECF No. 27) and Plaintiff's Reply in Support of (ECF No. 30) the Motion for New Trial. Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's Motion for New Trial, but **GRANTS** Plaintiff's request to file a First Amended Complaint.

## BACKGROUND

On March 15, 2014, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a search warrant at Plaintiff's business, and seized "a

large number of polymer castings, among a multitude of other items that are necessary for the efficient functioning of the business." (Motion for New Trial 6,[1] ECF No. 21.) On March 27, 2014, the ATF sent Plaintiff a "Notice of Seizure and Administrative Forfeiture Proceeding," informing Plaintiff that the items seized were being held pursuant to various U.S. Code sections. (*Id.*) The ATF described the items as "receivers;" Plaintiff maintains they are not "receivers" nor "frames," but rather "unfinished polymer lower receivers." (*Id.*) On April 5, 2014, Plaintiff submitted a verified claim contesting the forfeiture. (*Id.* at 7.) On July 3, 2014, the ATF sent Plaintiff a statement saying it was no longer pursing civil forfeiture proceedings, but that it would continue to hold the lower receivers as evidence in an ongoing criminal investigation. (*Id.*)

On July 16, 2014, Plaintiff filed the complaint in this matter seeking return of its property pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"). (ECF No. 1.) On September 22, 2014, Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction. (ECF No. 7.) On December 17, 2014, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's complaint without prejudice. (ECF No. 19.) Subsequently, on December 23, 2104, the ATF returned 5,786 lower receivers to Plaintiff. (Motion for New Trial 8, ECF No. 21.) Plaintiff maintains that the ATF still has "18 of [Plaintiff's] unfinished polymer lower receives without explanation." (*Id.*) Rather than filing an amended complaint, on January 14, 2015, Plaintiff filed the instant Motion for New Trial.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(a)(1) provides, in pertinent part:

**(1) *Grounds for New Trial.*** The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows:

**(A)** after a jury trial, for any reason for which a new trial has heretofore

---

[1] For ease of reference, all page numbers cited to are the CM/ECF numbers at the top of the page.

been granted in an action at law in federal court; or

**(B)** after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Whether to grant a new trial is a matter of the trial court's discretion. *City Solutions, Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 843 (9th Cir. 2004). The court may grant a new trial if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting *Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988)).

## ANALYSIS

Plaintiff argues that "[t]he Court's order dismissing this action did not, and could not, consider the new evidence that the ATF no longer needs to retain [Plaintiff's] property in its criminal investigation." (Motion for New Trial 9, ECF No. 21.) In its Reply in Support of the Motion for New Trial, Plaintiff seems to clarify its argument and assert that it actually means that the Court could not have considered the fact that the ATF returned some, but not all, of the lower receivers in ruling on Defendant's Motion to Dismiss. (Reply 5, ECF No. 30.)

Defendant argues, in contrast, that the Court was aware of and considered the fact that the AFT no longer needed the lower receivers in conjunction with an ongoing criminal investigation in ruling on its Motion to Dismiss. (Resp. in Opp'n 3, ECF No. 27.) Defendant contends, correctly, that the Court granted its Motion to Dismiss not because the items were being held for an ongoing investigation, but because it lacked subject matter jurisdiction pursuant to CAFRA. (*Id.*) Accordingly, Defendant argues, there is no changed circumstances that warrant a new trial and the instant motion should be denied. (*Id.* at 4.)

The Court agrees with Defendant that it expressly considered the fact that the ATF stated, prior to the Court's ruling on Defendant's Motion to Dismiss, that it no

1  longer needed the seized items for an ongoing criminal investigation. Further, the
2  Court's Order on the Motion to Dismiss makes clear that the Court did not base its
3  decision on whether the seized items would be returned. Rather, the Court found that
4  because the AFT voluntarily dismissed its forfeiture action, the Court's jurisdiction over
5  the forfeiture action was divested. (Order 6, ECF No. 19.) The Court went on to explain
6  that because the ATF was holding the items pursuant to a valid search warrant and in
7  connection with a then-ongoing investigation, the ATF's continued seizure of the items
8  was appropriate. While the Court considered the fact that the ATF had another reason
9  for holding the items, the Court's order focused on the lack of a forfeiture action.

10  Subsequent to the Court's ruling, Defendant returned the large majority of the
11  seized items.[2] Now, based on Defendant's alleged failure to return 18 lower receivers
12  and the termination of the ongoing criminal investigation, Plaintiff wishes the Court to
13  "grant a new trial" on the issue of whether the unreturned items must be returned
14  pursuant to CAFRA because there is no longer another reason for Defendant to hold the
15  lower receivers. The new information Plaintiff would like the Court to consider is the
16  continued seizure of some of the lower receivers in conjunction with the termination of
17  the criminal investigation.

18  As a preliminary matter, the Court clarifies that there has been no trial in this
19  case. Plaintiff is essentially asking the Court to reconsider its ruling on Defendant's
20  Motion to Dismiss based on new information or, in the alternative, grant it leave to file
21  an amended complaint. Given that the recourse Plaintiff is requesting is the ability to
22  file an amended complaint, and the fact that Plaintiff's initial complaint was dismissed
23  without prejudice (*see* ECF No. 19), the Court finds its most appropriate to **DENY**
24  Plaintiff's Motion for New Trial but permit Plaintiff to file an amended complaint. The
25  Court cautions Plaintiff to revisit its order granting Defendant's Motion to Dismiss prior
26  to filing its amended complaint.

---

28  [2] Plaintiff states that Defendant has retained 18 lower receivers. (Motion for New Trial 8, ECF No. 21.) Defendant, however, maintains that it has returned all of Plaintiff's property that it has in its possession. (Resp. in Opp'n 2, ECF No. 27.)

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for New Trial. Plaintiff may, however, file an amended complaint <u>within 21 days of the date on which this order is electronically docketed</u>.

**IT IS SO ORDERED**.

DATED: June 11, 2015

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge