LAURA E. DUFFY
United States Attorney
DANIEL E. BUTCHER
Assistant U.S. Attorney
California Bar No. 144624
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7696
Fax: (619) 546-7751
Email: Daniel.Butcher@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN INC. dba ARES ARMOR, <br><br> Plaintiff <br><br> v. <br><br> B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10, <br><br> Defendants. | Case No.: 14CV1679 JLS (BGS) <br><br> POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT <br><br> DATE: October 1, 2015 <br> TIME: 1:30 p.m. <br><br> Hon. Janis L. Sammartino |

# I
# INTRODUCTION

Following this Court's order dismissing Plaintiff's complaint, Plaintiff has filed (1) a Notice of Appeal, (2) an amended complaint, and (3) an Amended Notice of Appeal. But Plaintiff cannot simultaneously litigate this case in both this Court and in the Ninth Circuit. Plaintiff's Notices of Appeal transferred jurisdiction over this case to the Ninth Circuit. Indeed, this Court did not even have jurisdiction to allow Plaintiff to file its amended complaint. The Court therefore should dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(1).

If jurisdiction is somehow retained by this Court, Plaintiff's amended complaint should then be dismissed for another reason: the relief that Plaintiff's amended complaint seeks – return of property – is now moot. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) has returned all EP80 lower receivers in its possession to Plaintiff.

In sum, by virtue of Plaintiff's Notices of Appeal, jurisdiction over this case now lies in the Ninth Circuit. And, by virtue of ATF's return of all EP80s in its possession to Plaintiff, the claims pleaded in Plaintiff's amended complaint are now moot. The Court therefore should dismiss Plaintiff's amended complaint.

# II
# STATEMENT OF FACTS

A. Plaintiff's Complaint

Plaintiff's complaint sought return of the EP80 lower receivers seized from Plaintiff. [See ECF #1 (attached as Exhibit 1).] ATF had seized approximately 5,800 of the EP80s pursuant to a search warrant issued by Magistrate Judge Skomal. [Id. at 3, ¶ 6.] Plaintiff's complaint alleged that the Civil Asset Forfeiture Reform Act (CAFRA) compelled the return of the EP80s because the time for filing a civil forfeiture action has expired. [See id. at 3-6.]

### B. The Court's Order Granting ATF's Motion to Dismiss

ATF filed a motion to dismiss Plaintiff's complaint. [ECF #7.] ATF's motion argued that CAFRA did not provide jurisdiction for the relief Plaintiff sought: return of the EP80s that ATF had seized pursuant to a search warrant and was holding as evidence in connection with a criminal investigation pending in the Eastern District of California. [See ECF #7-1.]

While the Motion to Dismiss was pending, the Eastern District determined that it no longer needed the EP80s in connection with their investigation. Counsel for ATF immediately notified the Court of this new information. [ECF #16.]

On December 17, 2014, the Court granted ATF's motion to dismiss, holding that it "does not have jurisdiction to hear this case." [ECF #19 at 7 (attached as Exhibit 2).] The Court therefore dismissed the case without prejudice. [Id.] In the Order, the Court expressly acknowledged that the Eastern District no longer needed the EP80s retained for its investigation. [Id. at 41, n.2.]

### C. ATF's Return of All EP80s in its Possession to Plaintiff

On December 23, 2014, ATF returned all EP80s in its possession to Plaintiff. [See Declaration of Armando Hernandez.]. When returning the EP80s to Plaintiff, ATF and representatives of Plaintiff counted the contents of each box. [Id.] Some of the counts indicated on the outside of the boxes did not match the count when the box was opened and the individual EP80s counted. [Id.] In total there was an eighteen unit discrepancy between the number of EP80s indicated on the inventory (5,804) and the number of EP80s individually counted and returned to Plaintiff (5,786). [Id.]

### D. The Court's Order Denying Plaintiff's Motion for a New Trial

Plaintiff responded to ATFs return of all EP80s in its possession by filing a motion for a new trial. [See ECF #21.] Plaintiff's motion argued that the Court's dismissal order "did not, and could not, consider the new evidence that ATF no longer needs to retain [Plaintiff's] property in its criminal investigation." [Id. at 9.] Plaintiff argued that this "new evidence would have likely changed the outcome of this Court's order." Id.

The Court disagreed. In an order dated June 11, 2015, the Court denied Plaintiff's motion for a new trial. [ECF #33 (attached as Exhibit 3).] But the Court permitted Plaintiff to file an amended complaint. [Id. at 50.]

E. Plaintiff's Amended Complaint

Plaintiff filed its amended complaint (styled as a "Verified Petition for Return of Property") on July 1, 2015. [ECF #34 (attached as Exhibit 4).] The amended complaint pleads four claims for relief. The first claim for relief realleges the same CAFRA theory that this Court has twice ruled does not provide jurisdiction. [Id. at 53-58.] The second claim for relief seeks the return of property pursuant to Fed. R. Crim. P. 41(g). [Id. at 59-60.][1] The third and fourth claims for relief purport to "invoke[] the equitable authority of this court" under the Fourth and Fifth Amendments. [Id. at 60.]

All of these claims for relief are equitable in nature – Plaintiff does not seek damages for the value of the 18 allegedly lost EP80s. [Id. at 61.][2]

F. Plaintiff's Notices of Appeal

On February 9, 2015, Plaintiff filed a Notice of Appeal of this Court's December 17, 2015, order and judgment dismissing the case. [ECF #24 (attached as Exhibit 5).] On March 5, 2015, the Ninth Circuit issued an order staying the appellate proceedings pending resolution of Plaintiff's Motion for a New Trial. [ECF #32 (attached as Exhibit 6).] The Ninth Circuit's order further directed Plaintiff to notify the appellate court within seven days of this Court's ruling on the new trial motion, and advise the appellate court whether Plaintiff intends to prosecute the appeal. [Id. at 68.]

On July 12, 2015 (30 days after this Court denied Plaintiff's Motion for a New Trial and 11 days after Plaintiff filed its amended complaint with this Court), Plaintiff filed an Amended Notice of Appeal. [ECF #37 (attached as Exhibit 7).] Plaintiff's Amended Notice of Appeal states that Plaintiff is appealing both the (1) December 17,

---

[1] The amended complaint incorrectly cites Fed. R. Crim. P. 41(e). [Id.]

[2] And no damages lawsuit can be filed until Plaintiff exhausts its administrative remedies. See 28 U.S.C. § 2675.

2014, order and judgment dismissing this case, and (2) June 11, 2015, order denying Plaintiff's motion for a new trial. Id.

G. Timeline

Following is a timeline of the events relevant to this motion:

| EVENT | DATE | ECF |
|---|---|---|
| Plaintiff's Complaint Filed | July 16, 2014 | 1 |
| Order Dismissing Complaint | December 17, 2014 | 19 |
| Plaintiff's Motion for a New Trial Filed | January 14, 2015 | 21 |
| Plaintiff's Notice of Appeal Filed | February 9, 2015 | 24 |
| Ninth Circuit Order Staying Appellate Proceedings Pending Resolution of Plaintiff's Motion for a New Trial | March 5, 2015 | 32 |
| Order Denying Motion for New Trial | June 11, 2015 | 33 |
| Plaintiff's Amended Complaint Filed | July 1, 2015 | 34 |
| Plaintiff's Amended Notice of Appeal Filed | July 12, 2015 | 37 |

## III
## ARGUMENT

A. Plaintiff's Notice of Appeal Divested this Court of Jurisdiction Over This Case

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Discount Co., 459 U.S. 56, 58 (1982). Although the district court retains limited jurisdiction over certain collateral matters during an appeal,[3] a district court may not take any action that "materially alter(s) the status of the case on appeal." Mayweathers v. Newland, 258 F.3d

---

[3] For example, the district court retains jurisdiction during an appeal to entertain an application for attorney's fees to the prevailing party and an application to proceed in forma pauperis on appeal. Masalosalo v. Stonewall Ins. Co., 718 F2d 955, 957 (9th Cir. 1983) (attorney's fees); Fed. R. App. P. 24 (in forma pauperis).

930, 935 (9th Cir. 2001).  Further, a district court may take action to preserve the status quo during an appeal, see Fed. R. Civ. P. 62(c), but that rule "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." Id. (quoting McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982)).

On February 9, 2015, Plaintiff filed a Notice of Appeal of the Court's December 17, 2014, order and judgment dismissing the case for lack of subject matter jurisdiction.  [Ex. 5 (ECF #24).]  That Notice of Appeal (which was filed before Plaintiff filed its amended complaint) divested this Court of jurisdiction over this case, and specifically divested this Court of jurisdiction over Plaintiff's subsequently filed amended complaint.  Moore v. Brewster, 96 F.3d 1240, 1246 (9th Cir. 1996) (notice of appeal from order dismissing case divested the district court of jurisdiction over motion to file amended complaint).

When Plaintiff filed its Motion for a New Trial, the Ninth Circuit stayed litigation on Plaintiff's appeal while this Court considered the motion, and directed Plaintiff to state whether it intended to proceed with the appeal within seven days of this Court's ruling. [Ex. 6 (ECF #32).]  Upon receipt of this Court's denial of the motion, Plaintiff informed the Ninth Circuit that it intended to proceed with its appeal, and further filed an Amended Notice of Appeal adding this Court's denial of the Motion for a New Trial to the appeal. [Ex. 7 (ECF #37).]

Plaintiff's original and amended Notices of Appeal divested this Court of jurisdiction over Plaintiff's amended complaint.  Moore, 96 F.3d at 1246.  See also Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982) (district court had no jurisdiction to permit filing of amended complaint while appeal from dismissal was pending).  The Court therefore should dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1).

B. <u>ATF's Return of All EP80s in its Possession Moots Plaintiff's Amended Complaint, Which Seeks an Order Compelling Return of Property That ATF No Longer Possesses</u>

This Court also lacks jurisdiction over Plaintiff's amended complaint because ATF's return of all EP80s in its possession mooted Plaintiff's amended complaint, which seeks an injunction directing ATF to return the EP80s.

"A federal court lacks jurisdiction unless there is a case or controversy under Article III of the Constitution." <u>McCullough v. Graber</u>, 726 F.3d 1057, 1059 (9th Cir. 2013). "Article III requires that a live controversy persist throughout all stages of the litigation," including appellate review. <u>Gator.com Corp. v. L.L. Bean, Inc.</u>, 398 F.3d 1125, 1128-29 (9th Cir. 2005). "Where this condition is not met, the case has become moot, and its resolution is no longer within [the Court's] constitutional purview." <u>Id.</u> at 1129. Thus, "[i]f an event occurs during the pendency of the appeal that renders the case moot," the Court "lack[s] jurisdiction." <u>Ctr. for Biological Diversity v. Lohn</u>, 511 F.3d 960, 963 (9th Cir. 2007).

"The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." <u>Pinnacle Armor, Inc. v. United States</u>, 648 F.3d 708, 715 (9th Cir. 2011); <u>see also</u> <u>Native Village of Noatak v. Blatchford</u>, 38 F.3d 1505, 1509 (9th Cir. 1994) ("A federal court has no jurisdiction to hear a case that cannot affect the litigants' rights."). "Stated another way, the central question . . . is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." <u>Gator.com</u>, 398 F.3d at 1129 (internal quotation omitted).

Here, the circumstances that existed when Plaintiff filed its original complaint in July 2014 (i.e., ATF had seized the EP80s pursuant to a criminal search warrant and was holding them in connection with a criminal investigation) are no longer present. During the pendency of this case, the Eastern District of California determined that it no longer needed the EP80s being held for its criminal investigation. ATF then returned all EP80s

in its possession to Plaintiff. [See Declaration of Armando Hernandez.] Although the parties jointly determined when counting the EP80s during the process of returning them to Plaintiff that the sealed boxes contained 18 fewer EP80s than the inventory stated (5,786 as opposed to 5,804) the fact remains that ATF has returned all the EP80s in its possession. [Id.] In other words, there is no ripe controversy over ATFs continuing right to retain any of Plaintiff's EP80s because ATF has not retained any EP80s and is not asserting any right to do so. The only arguably open issue now is whether there was a counting error when the EP80s were originally seized (as ATF believes), or whether (as Plaintiff alleges) the 18 unaccounted for EP80s were lost while in ATF custody. But that is a question of liability in damages, not equity. And any lawsuit for damages must be preceded by an administrative claim. See 28 U.S.C. § 2675(a).

In sum, any dispute over ATF's continuing right to hold the seized EP80s was mooted by ATF's return of all EP80s in its possession to Plaintiff. The Court therefore should dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) because there is no longer a ripe case or controversy over Plaintiff's right to equitable relief directing ATF to return the EP80s to Plaintiff. See Ferreira v. United States, 354 F.Supp.2d 406, 410 (S.D.N.Y. 2005) (Fed. R. Crim. P. 41(g) motion for return of property was mooted when property at issue was returned to Plaintiff). Cf. In re National Mass Media Telecomm. Sys. Inc., 152 F.3d 1178, 1180 (9th Cir. 1998) (sale of property at issue to non-party mooted claims for return of property).

C. The Court Should Dismiss Plaintiff's CAFRA Claim for Relief

Plaintiff's original complaint sought the return of the EP80s pursuant to CAFRA. [See Ex. 1 (ECF #1) at 3-6.] This Court has twice ruled that CAFRA does not provide a jurisdictional basis for this relief. [See Exs. 2 and 3 (ECF #19 and #33).] But the first claim for relief in Plaintiff's amended complaint realleges the precise CAFRA theory that this Court has twice rejected. [Compare Ex. 1 (ECF #1) at 3-6, with Ex. 4 (ECF #34) at 53-58. For the reasons discussed in ATF's Motion to Dismiss (ECF #7-1) and ATF's

Opposition to Plaintiff's Motion for a New Trial (ECF #27 ), the Court should again dismiss Plaintiff's CAFRA claim for relief.

## IV
## CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction over and should dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1).

DATED:   August 5, 2015                    Respectfully submitted,

                                                LAURA E. DUFFY
United States Attorney

 s/ Daniel E. Butcher
DANIEL E. BUTCHER
Assistant United States Attorney
Attorneys for Defendant