# EXHIBIT 2

LYCURGAN-MTDAC-0037

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN INC. DBA ARES ARMOR,<br><br>Plaintiff,<br>vs.<br><br>B. TODD JONES in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1–10,<br><br>Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 7) |

Presently before the Court is Defendant B. Todd Jones' Motion to Dismiss ("MTD"). (ECF No. 7.) Also before the Court is Plaintiff's Response in Opposition to (ECF No. 12) and Defendant's Reply in Support of (ECF No. 14) the MTD. The hearing set for the MTD on December 12, 2014 was vacated, and the matter taken under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 15.) Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On March 15, 2014, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a search warrant at Plaintiff's business and seized

1  "approximately 5,804 unfinished polymer parts otherwise known as 'unfinished polymer lower receivers.'" (Compl. 2[1], ECF No. 1.) Plaintiff contends that these lower receivers are not contraband. (*Id.*) On March 27, 2014, ATF sent Plaintiff a Notice of Seizure and Administrative Forfeiture Proceeding. (*Id.*; Notice, ECF No. 1-2.) On April 5, 2014, Plaintiff submitted a Verified Claim for the seized items. (Compl. 3, ECF No. 1; Claim, ECF No. 1-3.) On July 3, 2013, ATF sent Plaintiff a statement saying it was no longer pursuing civil forfeiture proceedings, but that it would continue to hold the lower receivers as evidence in its ongoing criminal investigation. (Compl. 3, ECF No. 1; Letter from ATF, ECF No. 1-5.) On July 9, 2014, Plaintiff made a written request that ATF release its property. (Compl. 3, ECF No. 1.)

Plaintiff contends that "Defendant's time to initiate forfeiture proceedings has lapsed pursuant to 18 U.S.C. 983(a)(3)(A)" and 18 U.S.C. § 983(a)(3)(B), which are sections of the Civil Asset Forfeiture Reform Act ("CAFRA") that require the government to file a complaint for forfeiture or obtain a criminal indictment containing an allegation that the property seized is subject to forfeiture within 90 days of a claim being filed. (*Id.* at 4.)

On July 16, 2014, Plaintiff filed a complaint seeking return of its property, the lower receivers, pursuant to CAFRA. (ECF No. 1.) On September 22, 2014, Defendant filed the instant MTD.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotations omitted).

---

[1] For ease of reference, all page numbers cited to are the CM/ECF numbers at the top of the page.

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *See id*.

When there is a factual attack the Court may look beyond the complaint to affidavits and other evidence submitted by the parties in order to evaluate the Rule 12(b)(1) motion. *Savage v. Glendale Union High Sch*. 343 F.3d 1036. Accordingly, in response to a Rule 12(b)(1) motion based on a factual attack, the non-moving party may be entitled to discovery related to the jurisdictional question. *See Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Discovery should be granted "when . . . jurisdictional facts are contested or more facts are needed" to determine a question of jurisdiction. *Id*. However, "when it is clear that . . . discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," a Court need not grant a discovery request prior to ruling on a Rule 12(b)(1) motion. *America W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 431, n. 24). Discovery at the outset of a case should be limited to jurisdictional matters. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988).

## ANALYSIS

Defendant moves to dismiss Plaintiff's suit for lack of subject matter jurisdiction on the grounds that CAFRA does not apply to the lower receivers presently being held by the ATF because those items were seized pursuant to a valid search warrant and are presently being held as evidence in connection with a criminal investigation in the

Eastern District of California.[2] (MTD 1, 3, ECF No. 7-1.) Defendants argue that CAFRA "is a civil asset forfeiture statute and provides no jurisdictional basis for ordering the return of property seized pursuant to a criminal search warrant." (*Id.* at 4.) Defendants explain that CAFRA only applies to "'property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute.'" (*Id.* (quoting 18 U.S.C. § 983(a)(2)(A)).) CAFRA does not apply when there is "an independent legal basis–such as a criminal search warrant—for seizing and retaining property." (*Id.* (citing *Celata v. United States*, 334 Fed. Appx. 801, 802 (9th Cir. 2009) (CAFRA does not apply to property seized pursuant to a validly executed search warrant)).)

Here, the lower receivers were seized pursuant to a search warrant issued pursuant to Federal Rule of Criminal Procedure 41 and have been held "as evidence of the illegal manufacture of firearms in [an ongoing] criminal investigation." (*Id.*) Therefore, Defendant argues, CAFRA does not provide the jurisdictional basis to require the ATF to return the property to Plaintiff. The Court agrees.

Plaintiff, in response, argues that when the ATF sent notice of civil forfeiture proceedings, "CAFRA took effect and jurisdiction could not be divested." (Resp. in Opp'n 7-8, ECF No. 12 (citing *United States v. Premises of 2nd Amendment Guns, LLC*, 917 F. Supp. 2d 1120, 1122 (D. Or. 2012); *United States v. Real Property at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 (9th Cir. 2008)). ) Plaintiff notes that this type of action is an action *in rem* and that once jurisdiction is vested in *in rem* actions, it cannot be divested. (*Id.* at 13-14 (citing *475 Martin Lane*, 545 F.3d at 1145).) Plaintiff also cites various cases from other districts in which courts held that CAFRA provided jurisdiction for claimants to attempt to recover their property; however, in those cases the government did not voluntarily terminate its civil forfeiture

---

[2] The Court is aware that the United States Attorney's Office for the Eastern District of California has informed the United States Attorney's Office for the Southern District of California that it no longer needs the lower receivers presently being held in connection with their investigation. (Butcher Decl., ECF No. 16.) The United States Attorney's Office for the Southern District of California is determining whether and how to return the property to Plaintiff. (*Id.*) Regardless of this development, however, the Court maintains that it lacks subject matter jurisdiction over this case on the ground that CAFRA does not apply for the reasons stated in this Order.

proceedings, making them inapplicable to the instant case. (*Id*. at 16-18.) Plaintiff also contends that "CAFRA's 90-day time limit [to file a complaint or indictment] would be meaningless if the government may simply drop the civil forfeiture prior to expiration, and still maintain custody of the seized property without consequence." (*Id*. at 7.)[3]

Plaintiff also argues that it is entitled to return of its property because the lower receivers held by the government are not contraband and presents its own expert testimony to counter the ATF's conclusion that the lower receivers are contraband. (*Id*. at 11; O'Kelly Decl., ECF No. 12-3.) CAFRA permits the government to hold items seized pursuant to a nonjudicial civil asset forfeiture proceeding beyond the 90-day time limit to either file a complaint or an indictment after a claim has been filed if the items held are contraband. 18 U.S.C. § 983(f)(8)(A).

Plaintiff also makes the same arguments it raised in its Emergency Application for an Order for Expedited Rule 34 Inspection (ECF No. 8) regarding its desire to be able to conduct discovery and present evidence to the Court on the issue of jurisdiction. (*Id*. at 21-22.) As the Court previously concluded in its Order denying that request (ECF No. 11), although Defendant technically submitted extrinsic evidence with its MTD, the information was not pertinent to the matter of jurisdiction. (Order, ECF No. 11). Discovery and evidence related to the classification of lower receivers as firearms will not help the Court determine the issue of jurisdiction. Accordingly, the Court will not grant Plaintiff's duplicative request to engage in discovery.

Defendant's MTD focuses on whether the Court has jurisdiction to hear this case pursuant to CAFRA. The most significant issue raised in Plaintiff's Response in Opposition to the MTD is whether Defendant's voluntarily termination of the forfeiture

---

[3] Plaintiff also raises the argument that the Court has equitable jurisdiction to hear this case; however, as Defendant explains in its Reply, equitable jurisdiction "is a much different legal theory than CAFRA, which is the only claim in Plaintiff's complaint." (Resp. in Opp'n 14, ECF No. 12; Reply 7, ECF No. 14.) Similarly, Plaintiff notes that the Administrative Procedure Act ("APA") waives sovereign immunity for certain claims; however, Plaintiff has filed its Complaint pursuant to CAFRA and, therefore, the APA and sovereign immunity are not relevant to this MTD. (Resp. in Opp'n 14-15, ECF No. 12; Reply 6, ECF No. 14.)

proceedings deemed CAFRA inapplicable to this case. The Court will focus its discussion on this issue.

Plaintiff cites *475 Martin Lane* for the proposition that in *in rem* actions, once jurisdiction vests, it cannot be divested. However, that case deals with a civil forfeiture proceeding that the court dismissed subsequent to the government's filing of a forfeiture complaint. *475 Martin Lane*, 545 F.3d at 1144-45. In that case, the court distinguished the facts from *In re Matthews*, 395 F.3d 477 (4th Cir. 2005), in which the Fourth Circuit held that "'[o]nce the United States voluntarily dismissed its forfeiture action, all proceedings in the action were terminated, and the district court lacked the authority to issue further orders addressing the merits of the case.'" *Id*. at 1145 (quoting *In re Matthews*, 395 F.3d at 480). The instant case is more similar to *In re Matthews* because, unlike in *475 Martin Lane*, the ATF voluntarily dismissed its forfeiture action. Here, the ATF voluntarily notified Plaintiff that it would not be pursuing a civil forfeiture prior to filing a complaint in the forfeiture matter. (*See* Letter from ATF, ECF No. 1-5.) Accordingly, the Court finds persuasive the principle announced in *In re Matthews*, that when the government voluntarily dismisses a forfeiture action the district court's jurisdiction over the forfeiture action is divested. This principle applies regardless of whether the case is voluntarily terminated before or after the filing of a forfeiture complaint.

Additionally, Plaintiff's suggestion that CAFRA's 90-day time limit is meaningless if the government can terminate forfeiture proceedings prior to time expiring is contrary to the general legal principle that a party who initiates an action, whether by filing a complaint with the court or otherwise, always has a right to dismiss such action. *See 475 Martin Lane*, 545 F.3d at 1145. If the government ceases to pursue its forfeiture proceeding and there is no parallel reason for the government's continued seizure of the property in question, the property will be returned. If, on the other hand, the government is holding property seized pursuant to a search warrant as evidence in

an ongoing criminal investigation, terminating a parallel civil forfeiture proceeding does not change the government's ability to hold the property.

The Court declines to address whether the lower receivers are contraband because the Court does not have jurisdiction to hear this case. The Court also declines to address Plaintiff's arguments regarding a Rule 12(b)(6) motion to dismiss because although Defendant, in its MTD, asks the Court to dismiss pursuant to Rule 12(b)(1) or Rule 12(b)(6), its MTD focuses primarily on Rule 12(b)(1) and discussion of that Rule is sufficient to resolve the instant MTD.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's MTD and dismisses Plaintiff's claim without prejudice.

**IT IS SO ORDERED.**

DATED: December 17, 2014

Honorable Janis L. Sammartino
United States District Judge