Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
The McMillan Law Firm, APC
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095
Attorneys for Plaintiff and Petitioner,
Lycurgan, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC., a California corporation, d/b/a Ares Armor,<br><br>     Plaintiff - Petitioner,<br><br>vs.<br><br>TODD JONES, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, and Firearms Enforcement,<br><br>     Defendant - Respondent. | Case No.: 14-CV-1679 JAH JLB<br><br>OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT<br><br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: January 7, 2016<br>Time: 1:30 p.m. |

**TABLE OF CONTENTS**

I.  Introduction ................................................................................................... 1

II. Argument ....................................................................................................... 1

    A.  This Court is not divested of jurisdiction by an appeal, because no appeal is pending ..................................................................................... 1

    B.  ATF cannot establish on this pleading motion that plaintiff's claims are moot or non-meritorious ........................................................... 1

    C.  This Court has jurisdiction over the CAFRA claim ..................................... 6

III. Conclusion .................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*America W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793 (9th Cir. 1989) ............... 6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............... 4

*Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767 (9th Cir. 2003) ............... 4, 5

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986) ............... 6

*In re Matthews*, 395 F.3d 477 (4th Cir. 2005) ............... 7, 8

*In re Wilshire Courtyard*, 729 F.3d 1279 (9th Cir. 2013) ............... 2

*Laub v. U.S. Dept. of Interior*, 342 F.3d 1080 (9th Cir. 2003) ............... 5

*Rosales v. United States*, 824 F.2d 799 (9th Cir. 1987) ............... 5

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ............... 2

*Societe de Conditionnement en Aluminium v. Hunter Eng. Co., Inc.* 655 F2d 938 (9th Cir. 1981) ............... 5

*Wells Fargo & Co. v. Wells Fargo Exp. Co.,* 556 F.2d 406 (9th Cir. 1977) ............... 6

**STATUTES**

18 U.S.C. § 983 ............... 8

28 U.S.C. § 1331 ............... 6, 7, 8

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ............... 2, 5, 6

Federal Rule of Civil Procedure 12(b)(6) ............... 2, 3, 6

Federal Rule of Civil Procedure 12(d) ............... 3

Federal Rule of Civil Procedure 56 ............... 3

1  Federal Rule of Civil Procedure Rule 56(f) .......................................................................4

2

3  **OTHER AUTHORITIES**

4  California Practice Guide Federal Civil Procedure Before Trial ¶ 9:86.2 (The
5     Rutter Group 2015).............................................................................................5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I. Introduction

Defendant-respondent ATF admits that the evidence shows that it seized from plaintiff-petitioner Lycurgan, and has not returned, property over which it now admits it has no claim. Still, it maintains, a federal district court is without power even to address its actions.

The law is to the contrary. This Court has jurisdiction to adjudicate this controversy, despite ATF's unsupported assertion that the seized property simply vanished through no fault of its own.

## II. Argument

### A. This Court is not divested of jurisdiction by an appeal, because no appeal is pending

Defendants' argument that this Court lacks jurisdiction of this matter because of a pending appeal has been overtaken by events. No appeal is pending. The Ninth Circuit dismissed the appeal on November 18, 2015, specifically because this Court allowed plaintiff to file an amended complaint. The order of dismissal is attached as Exhibit A to the accompanying Declaration of Scott McMillan.

### B. ATF cannot establish on this pleading motion that plaintiff's claims are moot or non-meritorious

ATF also declares Lycurgan's complaint to be moot, solely on the basis of its contention that it does not have possession of the 18 receivers that it seized from Lycurgan but failed to return. ATF insists that the Court must accept this naked factual assertion without giving Lycurgan any opportunity to challenge it.

ATF admits that when it seized the receivers, it "provided a receipt for the property identifying 5804 firearms were seized by ATF." Hernandez Decl. ¶ 3. It further admits that "the final count of EP Firearms returned to [Lycurgan] was 5786."

*Id.* at ¶ 5. It then declares, without explanation or substantiation, that "ATF does not have any EP80s firearms seized from [Lycurgan] in its possession . . . ." *Id.* at ¶ 7.

In other words, ATF insists that this Court must presume that Agent Hernandez is a competent percipient witness to testify that the property it seized and failed to return is nowhere to found in ATF's sprawling bureaucracy of nearly 5000 employees (https://www.atf.gov/resource-center/pr/staffing-and-budget), and that he is testifying both truthfully and accurately. This is not a presumption the Court may indulge on a motion to dismiss on the pleadings.

Preliminarily, it must be recognized that although ATF couches its motion as one to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), its contention really goes to the merits of the controversy and is more properly viewed as a motion for failure to state a claim under Rule 12(b)(6). As ATF puts it, the issue before the Court is "Plaintiff's right to equitable relief directing ATF to return the EP80s to Plaintiff." Motion at 8. ATF maintains that Lycurgan cannot establish this equitable right because ATF supposedly has not kept any receivers – i.e., that Lycurgan will not be able to prevail on the merits.

Under these circumstances, ATF cannot ask for dismissal on jurisdictional grounds. "[W]hen the question of jurisdiction and the merits of the action are intertwined, dismissal for lack of subject matter jurisdiction is improper." *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 n. 4 (9th Cir. 2013), quoting *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1094 (9th Cir.2008). This is because a jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

ATF evades identifying its motion as one for failure to state a claim under Rule 12(b)(6), because it wants to rely on evidence – the conclusory declaration of Agent Hernandez. If matters outside the pleadings are presented on a motion under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The rule further provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

ATF clearly has not presented an adequate summary judgment motion. It has not established that there is no genuine dispute as to the material fact of whether it possesses receivers belonging to Lycurgan that it should return. It has merely presented a single declaration giving the unsupported opinion of one of its employees that the receivers are mysteriously no longer in its possession. This is directly contradicted by its admission that it inventoried 5804 receivers when it seized them but 5786 when it returned them.

Even worse, though, ATF's motion relies on thoroughly disputed facts. ATF asserts, without evidentiary support, that it "believes" "there was a counting error when the EP80s were originally seized." Motion at 8. This is directly contrary to the sworn declaration of a percipient witness. The count was undertaken carefully and meticulously, and there is no reasonable probability that it was inaccurate. Karras Decl. at ¶ 3.

Further, Agent Hernandez maintains that "[o]n December 22, 2014, . . . [t]here was no indication that the storage facility had been breached or that any of the original boxes containing the seized firearms had been opened." Hernandez Decl. at ¶ 4. This representation is somewhat misleading, because the property was returned on December 23, 2014, not December 22. *Id.* at ¶ 5. On December 23, when ATF did return the boxes, two percipient witnesses observed that some of the boxes *had* in fact been tampered with, and that the boxes that had been tampered with were the ones from which receivers were missing. McMillan Decl. at ¶¶ 4-8; Karras Decl. at ¶ 4-8.

Opposition to Motion to Dismiss                                            3

In any event, the Court cannot even address this summary judgment motion at this point because Lycurgan has had no opportunity to take evidence on ATF's implausible new factual assertion that the 18 receivers it took from Lycurgan and never returned have vanished into thin air. Rule 56(f) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>>
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>> (3) issue any other appropriate order.

Although this rule is couched in terms of the court's discretion, both the Supreme Court and the Ninth Circuit have held that the rule *requires* rather than merely permits discovery by the non-moving party where it "has not had the opportunity to discover information that is essential to its opposition." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Lycurgan has had no such opportunity. Where documentation or witness testimony may exist that is dispositive of a pivotal question, lightning-quick summary judgment motions can impede informed resolution of fact-specific disputes. *Ibid.*

Since this case is still at the pleading stage; Lycurgan has not been allowed to take any discovery at all. The accompanying declaration of Scott McMillan at paragraph 9 details some of the discovery that Lycurgan might take to probe ATF's assertion that the receivers have somehow vanished without explanation. However, where no discovery whatsoever has taken place, the opposing party cannot be expected detail with great specificity the kind of discovery likely to turn up useful information, as

the ground for such specificity has not yet been laid. *Burlington N. Santa Fe R. Co.*, 323 F.3d at 774.

Even if the Court were to treat ATF's motion strictly as a Rule 12(b)(1) motion challenging subject matter jurisdiction, for which the Court may consider evidence, the motion still cannot be decided until Lycurgan has had an adequate opportunity for discovery. Where (unlike here) the jurisdictional facts are not intertwined with the merits, a district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial. *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

If the Court decides the jurisdictional issue on the papers, plaintiff is required only to make a prima facie showing of subject matter jurisdiction. *Societe de Conditionnement en Aluminium v. Hunter Eng. Co., Inc.* 655 F2d 938, 942 (9th Cir. 1981); Cal. Prac. Guide Fed. Civ. Pro. Before Trial ¶ 9:86.2 (The Rutter Group 2015). As is discussed above, the Karras and McMillan declarations establish that the receivers were accurately counted when ATF boxed them, that the boxes were tampered with before ATF returned them, and that receivers were missing from the tampered-with boxes. This is more than a prima facie showing on the one jurisdictional issue ATF raises.

If the Court chooses to treat ATF's motion as a jurisdictional motion under Rule 12(b)(1), and the Court believes the foregoing is not sufficient to defeat ATF's motion, then Lycurgan requests that the Court hold an evidentiary hearing. However, before such a hearing can be conducted, the Court should grant Lycurgan leave to take sufficient discovery so that it can present competent evidence.

In its earlier order granting ATF's motion to dismiss the original complaint at page 3, this Court observed:

> [I]n response to a Rule 12(b)(1) motion based on a factual attack, the non-moving party may be entitled to discovery related to the jurisdictional question. See *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Discovery should be granted "when . . . jurisdictional facts are

Opposition to Motion to Dismiss                5

contested or more facts are needed" to determine a question of jurisdiction. *Id.*[1]

Order Granting Defendant's Motion to Dismiss (ECF #19, Ex. 2 to Motion) at 3.

Discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). Again, the McMillan Declaration at paragraph 9 lays out some of the discovery that might appropriately be undertaken.

Regardless of whether the Court treats ATF's motion as one under Rule 12(b)(1) or 12(b)(6), the one thing the Court cannot do at this stage is grant the motion without giving Lycurgan the opportunity to take discovery and refute ATF's unsupported factual assertion.

C.  **This Court has jurisdiction over the CAFRA claim**

ATF's third and final contention is that this Court lacks jurisdiction over this action under CAFRA. Motion at 8-9. It does not actually present any argument in support of this proposition. Instead, it vaguely references its briefs and the Court's decisions on ATF's earlier motion to dismiss and Lycurgan's motion for a new trial.

First, it should be understood that jurisdiction is not grounded in CAFRA, it is grounded in 28 U.S.C. § 1331, which gives the Court jurisdiction over all civil actions arising under the laws of the United States. CAFRA is a law of the United States. If

---

[1] The Court further observed:

> However, "when it is clear that . . . discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," a Court need not grant a discovery request prior to ruling on a Rule 12(b)(1) motion. *America W. Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 [(9th Cir. 1989)] (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.,* 556 F.2d 406, 431, n. 24 [(9th Cir. 1977)]).

Here, however, discovery could well demonstrate that ATF still has some of Lycurgan's property in its possession.

Lycurgan's action arises to any extent under CAFRA, this Court has jurisdiction by virtue of § 1331.

The Court's order granting the previous motion to dismiss addressed a different issue. The Court based its decision solely on *In re Matthews*, 395 F.3d 477 (4th Cir. 2005). It held:

> [T]he Court finds persuasive the principle announced in *In re Matthews*, that when the government voluntarily dismisses a forfeiture action the district court's jurisdiction over the forfeiture action is divested. This principle applies regardless of whether the case is voluntarily terminated before or after the filing of a forfeiture complaint.

Order Granting Defendant's Motion to Dismiss (ECF #19, Ex. 2 to Motion) at 6.

*Matthews*, however, concerned a different question from the one presented here. There the United States government had seized a document in which both an individual and a state claimed an ownership interest, and filed a forfeiture action. 395 F.3d at 479. The United States thereafter abandoned its forfeiture action, but the District Court nevertheless undertook to adjudicate the disputed claim of ownership between the individual and the state. *Id.* at 479-980. The Court of Appeal held that the District Court lacked jurisdiction to adjudicate these claims between two private parties, because the federal forfeiture statutes did not give the court authority to adjudicate a dispute between two third parties over property no longer claimed by the United States. *Id.* at 481. "Although other interested parties submitted statements of interest during the course of the forfeiture action, they did not assert freestanding claims that could be adjudicated independently of that action." *Id.* at 483.

Here, however, CAFRA does establish that Lycurgan has a claim against the United States for the return of its property. That right arises *after* the United States elects not to pursue a forfeiture action. CAFRA provides:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture . . . .
>
> (B) *If the Government does not—*

Opposition to Motion to Dismiss           7

> (i) *file a complaint* for forfeiture or return the property, in accordance with subparagraph (A); or
>
> (ii) before the time for filing a complaint has expired—
>
>> (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
>>
>> (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
> *the Government shall promptly release the property* pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

18 U.S.C. § 983 (emphasis added).

Hence, unlike the private individual pressing a claim against a state in *Matthews*, Lycurgan has a specific claim against ATF that arises *after* the United States fails to file a forfeiture complaint. This right is created by a federal statute. Lycurgan's claim under this right is therefore subject to this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

The Court anticipated that such a claim might arise in the future in its order granting the earlier motion to dismiss. There it concluded by observing:

> If the government ceases to pursue its forfeiture proceeding and there is no parallel reason for the government's continued seizure of the property in question, *the property will be returned.*

Order Granting Defendant's Motion to Dismiss (ECF #19, Ex. 2 to Motion) at 6 (emphasis added). The Court's optimistic prediction unfortunately has not come to pass; even though the government has ceased to pursue its forfeiture proceeding, the property has not all been returned. It is therefore necessary for Lycurgan to pursue this action, and for this Court to exercise jurisdiction over it.

The other order on which ATF relies, the order denying Lycurgan's motion for new trial but granting it leave to amend, makes no determination of jurisdiction at all. Instead, it merely holds:

Given that the recourse Plaintiff is requesting is the ability to file an amended complaint, and the fact that Plaintiff's initial complaint was dismissed without prejudice (see ECF No. 19), the Court finds it's most appropriate to DENY Plaintiff's Motion for New Trial but permit Plaintiff to file an amended complaint.

Order: (1) Denying Plaintiff Lycurgan, Inc.'s Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59(A); and (2) Granting Plaintiff Leave to File a First Amended Complaint (ECF #33, Ex. 3 to Motion) at 4.

This Court has jurisdiction to hear Lycurgan's CAFRA claims, just as it has jurisdiction to hear its other claims.

### III.  Conclusion

Having seized Lycurgan's property and having failed, in part, to return it, ATF is desperate to deprive Lycurgan of a forum in which its claim may be heard.  The jurisdiction of this Court is not so limited.  This Court has the power to determine whether ATF did not live up to its obligation, imposed by federal law, to return the property it seized.

Dated:  December 3, 2015

    Respectfully submitted,

    **THE MCMILLAN LAW FIRM, APC**

    /s/ Scott A. McMillan

    Scott A. McMillan, Esq.
    Attorney for Petitioner-Plaintiff
    Lycurgan, Inc.