Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Plaintiff,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR,<br>　　　　　　　　Plaintiff,<br>　v.<br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br>　　　　　　　　Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br><br>**DECLARATION OF SCOTT A. McMILLAN IN SUPPORT OF PLAINTIFF LYCURGAN, INC.'S OPPOSITION TO MOTION TO DISMISS**<br><br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: January 7, 2016<br>Time: 1:30 p.m. |

**DECLARATION OF SCOTT A. McMILLAN**

I, Scott A. McMillan, declare as follows:

1. I am counsel for Plaintiff Lycurgan, Inc. ("Lycurgan") in the above captioned case, and if called before this court or any other court I could and would testify competently to the following from my own personal knowledge, except as to those matters I state on information and belief, and as to those matters I believe them to be true.

2. This declaration is made in support of Lycurgan's Opposition to motion to dismiss.

3. Attached hereto as Exhibit A is a true copy of the November 18, 2015 Order of the Ninth Circuit Court of Appeals dismissing the appeal taken of this Court's earlier order dismissing the complaint in the present action.

4. I have read Mr. Armando Hernandez's "Declaration of Resident Agent in Charge Armando Hernandez" dated August 4, 2015.

5. As Mr. Hernandez reports, 18 units of the seized items were missing when ATF purported on December 23, 2014 to return the property it had seized.

6. Mr. Hernandez states at paragraph 4 to his declaration:

"4. On December 22, 2014, ATF retrieved all the EP80 firearms boxes from storage for transport to the ATF Carlsbad field office to facilitate the return of the seized property to Ares Armor. There was no indication that the storage facility had been breached or that any of the original boxes containing the seized firearms had been opened."

7. However, as Mr. Hernandez acknowledges, the property was returned on December 23, 2014, not December 22. On December 23, 2014, Mr. Hernandez, other ATF agents, Dimitrios Karras (the Chief Executive Officer of Lycurgan), and I were present at the ATF office when the boxes were returned. It was apparent to me then that some of the boxes had been tampered with, and that the tape sealing them had at some point been removed. I pointed this fact out to Mr. Hernandez. Neither he nor anyone else present disagreed with this observation at the time.

8. Because several of the boxes appeared to have been tampered with, I insisted that the contents be counted immediately, before the boxes were returned. This was done in my presence. The result of the count was that the boxes that appeared to have been tampered with contained fewer receivers than were indicated in the original inventory made at the time the receivers were seized.

9. To respond to the factual contentions on which ATF's motion to dismiss is based, it is necessary for Lycurgan to take written, documentary, and deposition discovery to determine the following:

    a. The chain of custody in the handling of the seized merchandise. Because items were seized pursuant to a search warrant, and purportedly to assist in a criminal investigation, the "chain of custody" of the items should have

|    |    |    |
|----|----|----|
| 1  |    | been well documented.  The chain of custody documentation should |
| 2  |    | identify the manner in which the items were catalogued, from search and |
| 3  |    | seizure to storage, to return. Presumably, the ATF has records for all of the |
| 4  |    | times the goods were accessed. |
| 5  | b. | Other alleged miscounts of seized items, or failures to properly inventory |
| 6  |    | items seized. |
| 7  | c. | Other claims of mishandled evidence. |
| 8  | d. | ATF's standard operating procedures for the custody of seized property |
| 9  |    | and evidence. |
| 10 | e. | Whether the standard operating procedures relating to the custody of seized |
| 11 |    | property and evidence were followed in this instance. |
| 12 | f. | Any specific directives with respect to the handling of Lycurgan's seized |
| 13 |    | property. |

I declare under the penalty of perjury according to the laws of the United States, that the foregoing is true and correct and that this declaration was signed on December 3, 2015, in the City of La Mesa, the County of San Diego, California.

/s/ Scott A. McMillan

_____

Scott A. McMillan

# Exhibit 'A'

FILED

NOV 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYCURGAN, INC., a California Corporation, DBA Ares Armor, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TODD JONES, in his official official capacity as Director of the Bureau of Alcohol, Tobacco, and Firearms Enforcement, <br><br> Defendant - Appellee. | No. 15-55228 <br><br> D.C. No. 3:14-cv-01679-JLS-BGS Southern District of California, San Diego <br><br> ORDER |

Before: REINHARDT, W. FLETCHER, and N.R. SMITH, Circuit Judges.

We conclude that the December 17, 2014 order and "judgment" dismissing appellant's claim without prejudice was not intended to be a final and appealable order. *See Montes v. United States*, 37 F.3d 1347, 1351 (9th Cir. 1994) (the "First Judgment" dismissing an action without prejudice "was not intended to be a final and appealable order" where the district court permitted plaintiff to file an amended complaint "*after* entering the First Judgment") (emphasis in original).

Accordingly, we dismiss this appeal for lack of jurisdiction.

**DISMISSED.**

SL/MOATT