Scott A. McMillan, SBN 212506
Michelle D. Volk, SBN 217151
**The McMillan Law Firm, APC**
4670 Nebo Dr., Suite 200
La Mesa, CA 91941-5230
Tel. 619-464-1500 x 14
Fax. 206-600-5095

Attorneys for Plaintiff,
Lycurgan, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN, INC. d/b/a ARES ARMOR,<br>         Plaintiff,<br>v.<br>B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10,<br>         Defendants. | CASE NO. 14-CV-1679 JLS (BGS)<br>**DECLARATION OF DIMITRIOS A. KARRAS IN SUPPORT OF PLAINTIFF LYCURGAN, INC.'S OPPOSITION TO MOTION TO DISMISS**<br>Judge: Hon. Janis L. Sammartino<br>Dept.: 4A<br>Date: January 7, 2016<br>Time: 1:30 p.m. |

**DECLARATION OF DIMITRIOS A. KARRAS**

I, Dimitrios A. Karras, declare as follows:

1. I am the Chief Executive Officer of Plaintiff Lycurgan, Inc. ("Lycurgan") in the above captioned case, and if called before this court or any other court I could and would testify competently to the following from my own personal knowledge, except as to those matters I state on information and belief, and as to those matters I believe them to be true.

2. This declaration is made in support of Lycurgan's Opposition to motion to dismiss.

3. ATF's motion to dismiss the complaint in this action represents, at page 8, that ATF believes there was a counting error when the EP80s were originally seized. I know this not to be the case. I was present when the ATF seized Lycurgan's property and

closely observed the process. The agents who seized the property were very careful and meticulous in counting the receivers, packing them into boxes, and recording the results of the counts. Because of the care that was taken in the inventorying process, it is not reasonable to conclude that there could have been a counting error in several boxes.

4. I have read Mr. Armando Hernandez's "Declaration of Resident Agent in Charge Armando Hernandez" dated August 4, 2015.

5. As Mr. Hernandez reports, 18 units of the seized items were missing when ATF purported on December 23, 2014 to return the property it had seized.

6. Mr. Hernandez states at paragraph 4 to his declaration:

> "4. On December 22, 2014, ATF retrieved all the EP80 firearms boxes from storage for transport to the ATF Carlsbad field office to facilitate the return of the seized property to Ares Armor. There was no indication that the storage facility had been breached or that any of the original boxes containing the seized firearms had been opened."

7. However, as Mr. Hernandez acknowledges, the property was returned on December 23, 2014, not December 22. On December 23, 2014, Mr. Hernandez, other ATF agents, Scott McMillan (counsel for Lycurgan), and I were present at the ATF office when the boxes were returned. It was apparent to me then that some of the boxes had been tampered with, and that the tape sealing them had at some point been removed.

///
///
///

1        8. Because several of the boxes appeared to have been tampered with, Mr.
2  McMillan insisted that the contents be counted immediately, before the boxes were
3  returned.  This was done in my presence.  The result of the count was that the boxes that
4  appeared to have been tampered with contained fewer receivers than were indicated in
5  the original inventory made at the time the receivers were seized.
6        I declare under the penalty of perjury according to the laws of the United States,
7  that the foregoing is true and correct and that this declaration was signed on December 3,
8  2015, in the City of La Mesa, the County of San Diego, California.

                                              /s/ Dimitrios A. Karras

                                              Dimitrios A. Karras