LAURA E. DUFFY
United States Attorney
DANIEL E. BUTCHER
Assistant U.S. Attorney
California Bar No. 144624
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7696
Fax: (619) 546-7751
Email: Daniel.Butcher@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYCURGAN INC. dba ARES ARMOR, <br><br> Plaintiff <br><br> v. <br><br> B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1-10, <br><br> Defendants. | Case No.: 14CV1679 JLS (BGS) <br><br> DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT <br><br> DATE: January 7, 2016 <br> TIME: 1:30 p.m. <br><br> Hon. Janis L. Sammartino |

I

INTRODUCTION

Subsequent to the filing of ATF's motion to dismiss, the Ninth Circuit dismissed Plaintiff's appeal. That dismissal moots the first argument in ATF's motion to dismiss and permits this Court to rule on the viability of Plaintiff's "Verified Petition for Return of Property" (ECF #34).

But, as further argued in ATF's motion to dismiss, Plaintiff's Petition is not viable. To the contrary, the relief sought by Plaintiff's Petition (i.e. an order directing ATF to return the EP80 lower receivers seized from Plaintiff) is moot because ATF is

not asserting any legal right to retain the EP80s and has agreed and endeavored to return them.  If, as Plaintiff claims, 18 of the approximately 5,800 EP80s seized from Plaintiff were lost, stolen, miscounted, or are otherwise unaccounted for, then that is a question of whether ATF is liable to Plaintiff in damages, which is beyond the scope of Plaintiff's Petition for equitable relief.  The Court therefore should dismiss Plaintiff's Petition because the relief it seeks – an order directing the return of the EP80s – is moot.

II

ARGUMENT

A. <u>The Ninth Circuit's Dismissal of Plaintiff's Appeal Returned Jurisdiction to this Court</u>

Subsequent to the filing of ATF's motion to dismiss, the Ninth Circuit dismissed Plaintiff's appeal.  Jurisdiction over this case was then returned to this Court.  ATF agrees that the first argument in ATF's motion to dismiss is moot.

B. <u>Plaintiff's Claim that CAFRA and Fed. R. Crim. P. 41 Require ATF to Return the EP80s is Moot Because ATF is Not Asserting any Right to Retain Them and has Agreed to Return all EP80s in its Possession</u>

Plaintiff's Petition seeks an injunction "command[ing] Defendant to release the 18 unreturned [EP80s] forthwith and without delay."  ECF # 34 at 10.  But ATF is not asserting any right to continue to hold any EP80s, and has agreed and endeavored to return all in its possession to Plaintiff.  <u>See</u> Declaration of Resident Agent in Charge Armando Hernandez (ECF #39-2) at ¶¶ 6, 7.  Where, as here, the requested equitable relief seeks the identical action that a defendant has agreed to perform (e.g., return all property in its possession), the case is moot.  <u>See, e.g.</u>, <u>Tellez-Sanchez v. United States</u>, 2014 WL 3339800, *3 (D. Az. 2014) ("Because Defendant attests that the subject property is no longer in its possession, the Court is unable to order the return of property and, to the extent the motion seeks an order requiring Defendant to provide the [property] to Plaintiff, the motion is moot."); <u>United States v. Corniel-</u>

Reyes, 2008 WL 1767057, *1 (D. Nev. 2008) ("The Court denied Defendant's motion for return of seized property as moot because the Government indicated that it would instruct for the money to be released upon receipt of the name and address for the designated recipient for the money.").

Although Plaintiff points out (correctly) that the number of EP80s that ATF returned to Plaintiff (5,786) is not the same number reflected on the inventory from the seizure (5,804), see Opp. at 1, that is not because ATF is asserting a right to retain any EP80s (it is not). And a dispute over lost, stolen, misappropriated, destroyed, or otherwise unaccounted for seized property does not create a live case or controversy over Plaintiff's entitlement to an order directing the property when that issue is not in dispute. See Tellez-Sanchez, 2014 WL 33380, *3; In re National Mass Media Telecomm. Sys., 152 F.3d 1178, 1180 (9th Cir. 1988) (sale of debtor's property to a non-party renders claim moot if debtor seeks only return of his property); United States v. White, 718 F.2d 260, 261 (8th Cir.1983) ("since the government does not possess White's property, it cannot return his property, and the motion was properly denied"). Cf. Ordonez v. United States, 680 F.3d 1135, 1137-39 (9th Cir. 2012) (considering only whether money damages were available under Fed. R. Crim. P. 41(g) where "the subject property was lost or destroyed") (Sammartino, J., sitting by designation).

The 18 EP80 discrepancy presents, at most, a question of ATF's liability in damages (depending on whether the EP80s were lost, stolen, or simply miscounted). But Plaintiff's Petition does not seek damages, and, moreover, any claim for damages against ATF must generally be brought, in the first instance, as an administrative claim. See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal

agency . . . ."); Ordonez, 680 F.3d at 1138-39 (agreeing with "[e]ight other circuits … that sovereign immunity bars an award of money damages against the government on a Rule 41(g) motion where property cannot be returned.").

### C. Plaintiff's Procedural Objections to ATF's Motion Are Without Merit

Attempting to forestall a mootness-based dismissal, Plaintiff claims that ATF's motion "is more properly viewed as a motion for failure to state a claim under Rule 12(b)(6)," not Rule 12(b)(1). Opp. at 2. Plaintiff is incorrect. See, e.g., White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)"). And, unlike a 12(b)(6) motion, the Court may consider extrinsic evidence in resolving a 12(b)(1) motion. Id.

Plaintiff further attempts to delay a dismissal on mootness grounds by citing In re Wilshire Courtyard, 729 F.3d 1279, 1284 n. 4, and Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) for the proposition that "[W]hen the question of jurisdiction and the merits of the action are intertwined, dismissal for lack of jurisdiction is improper." Opp. at 2. But the very next sentence in Safe Air defines when such intertwining is present: "The question of jurisdiction and the merits of an action are intertwined where a statute provides the bases for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." 373 F.3d at 1039 (internal quotation omitted).

No such statutory intertwining is typically present when the issue is one of mootness, which is not rooted in any statute. And, consistent with this result, mootness was not the basis for the jurisdictional challenge in either In re Wilshire Courtyard or Safe Air.

The jurisdictional issue in Safe Air concerned whether grass residue was a "solid waste" regulated by the Resource Conservation and Recovery Act (RCRA). Id.

4

at 1037.  If so, then the federal court had jurisdiction under RCRA and the statute was violated.  Id. at 1037-40.  If not, then RCRA did not cover the challenged conduct and (according to defendant) the federal court lacked subject matter jurisdiction over the case.  The Ninth Circuit held that, in this situation, where the jurisdictional and statutory issues were the same, the issue is properly resolved on the merits rather than in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  Id. at 1040.

The jurisdictional issue in In re Wishile Courtyard concerned whether a bankruptcy court had jurisdiction to reopen a closed case to rule on the tax consequences of the bankruptcy reorganization.  Id. at 1282-83.  The Ninth Circuit held that the jurisdictional and merits questions were intertwined because both "involve[d] difficult questions about overlapping state tax and federal bankruptcy laws" that "rest[ed] on the need to interpret the Plan and Confirmation Order to resolve the merits questions."  Id. at 1284.

Unlike the disputes over federal subject matter jurisdiction in In re Wilshire Courtyard and Safe Air, the jurisdictional issue here is one of mootness (i.e., whether Plaintiff's request for an order directing ATF to return the EP80s is moot because ATF has agreed and endeavored to return them), which does not implicate the merits of the case (i.e., whether CAFRA or Fed. R. Crim. P. 41(g) would require the return of the EP80s if ATF were asserting a right to retain them).  Because ATF is not asserting any right to retain any EP80s, there is no reason for the Court to issue an advisory opinion over whether ATF could keep any of the EP80s if, hypothetically, it was asserting a right to do so.  If Plaintiff were to prevail and obtain the equitable relief sought in its "Verified Petition for Return of Property," the judgment would say exactly what ATF has already agreed and endeavored to do: return all EP80s in its possession.  For this reason, the equitable relief sought in Plaintiff's Petition is moot.  See generally Already, LLC v. Nike, Inc., 133 S. Ct. 721, 727 (2013) ("the case is

1 moot if the dispute is no longer embedded in any actual controversy about the
2 plaintiffs' particular legal rights.").

### D. The Court Should Dismiss Plaintiff's CAFRA Claim for Relief

As discussed in ATF's opening brief (pp. 8-9), the CAFRA allegations in Plaintiff's Verified Petition are virtually identical to those in Plaintiff's original complaint, which this Court has twice dismissed. Plaintiff attempts to overcome the Court's prior orders by attempting to distinguish In re Matthews, 395 F.3d 477 (4th Cir. 2005), which the Court found persuasive in its initial dismissal order. Compare Opp. at 7-8, with Order Granting Defendant's Motion to Dismiss (ECF #19) at 6. Specifically, Plaintiff argues that CAFRA applies (and compels return of the EP80s) because it is bringing the CAFRA claim after the United States has elected not to file a civil forfeiture action. Opp. at 7-8. But those same circumstances were present when Plaintiff filed its initial CAFRA complaint, and, therefore, provide no basis for departing from the law of this case. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or if the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

On the merits, and as this Court has twice ruled, CAFRA does not apply because ATF seized the EP80s pursuant to a criminal search warrant and (until they were returned) held them as evidence in connection with a criminal investigation. See Order Denying Motion for New Trial (ECF #33) at 4 ("the Court's order on the motion to dismiss makes clear that the Court did not base its decision on whether the seized items would be returned. Rather, the Court found that because the ATF voluntarily dismissed its forfeiture action, the Court's jurisdiction over the forfeiture action was divested."). Accord Celata v. United States, 334 Fed. Appx. 801, 802 (9th Cir. 2009) (unpublished) (CAFRA does not provide a jurisdictional basis to compel

government to return property seized pursuant to a validly executed search warrant). Nothing in In re Matthews is to the contrary, as this Court ruled the first time it dismissed Plaintiff's CAFRA claim.  See Order Granting Defendant's Motion to Dismiss (ECF #19) at 6 ("the Court finds persuasive the principle announced in *In re Matthews*, that when the government voluntarily dismisses a forfeiture action the district court's jurisdiction over the forfeiture action is divested.  This principle applies regardless of whether the case is voluntarily terminated before or after the filing of a forfeiture complaint.").

## III

## CONCLUSION

For the foregoing reasons, the Court should grant the ATF's motion to dismiss.

DATED: December 17, 2015

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

 s/ Daniel E. Butcher
DANIEL E. BUTCHER
Assistant United States Attorney
Attorneys for Defendant