UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LYCURGAN, INC. d/b/a/ ARES ARMOR,

Plaintiff-Petitioner,

v.

B. TODD JONES, in his official capacity as Head of the San Diego Bureau of Alcohol, Tobacco, Firearms and Explosives; and DOES 1–10,

Defendant-Respondent.

Case No.: 14-CV-1679 JLS (BGS)

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (2) DISMISSING WITH PREJUDICE PLAINTIFF'S AMENDED COMPLAINT**

(ECF No. 39)

Presently before the Court is Defendant-Respondent B. Todd Jones' Motion to Dismiss Amended Complaint. ("MTD," ECF No. 39.) Also before the Court are Plaintiff-Petitioner Lycurgan, Inc.'s Opposition to (ECF No. 51) and Defendant's Reply in Support of (ECF No. 52) the MTD. The Court vacated the hearing scheduled for January 7, 2016, and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 53.) Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's MTD.

**BACKGROUND**

On March 15, 2014, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a search warrant issued in the Southern District of California

at Plaintiff's business located at 180 Roymar Street, Oceanside, California, and seized "5,804 unfinished polymer parts otherwise known as 'unfinished polymer lower receivers.'" (First Am. Compl. ("FAC") ¶¶ 7–8, ECF No. 34.) Plaintiff contends that these lower receivers are not contraband. (*Id.* at ¶ 10.)

On March 27, 2014, the ATF sent Plaintiff a Notice of Seizure and Administrative Forfeiture Proceeding. (*Id.* at ¶ 11; FAC Ex. A, ECF No. 34-1.) On April 5, 2014, Plaintiff submitted a Verified Claim for the lower receivers. (FAC ¶ 13, ECF No. 34; FAC Ex. B, ECF No. 34-2.) On July 3, 2013, the ATF informed Plaintiff that the ATF was no longer pursuing civil forfeiture proceedings, but that the United States Department of Justice would continue to hold the lower receivers "as evidence in its ongoing criminal investigation." (FAC ¶ 14, ECF No. 34; FAC Ex. D, ECF No. 34-4.) On July 9, 2014, Plaintiff requested in writing that the Assistant United States Attorney release Plaintiff's property. (FAC ¶ 15, ECF No. 34.)

Believing that "Defendant's time to initiate forfeiture proceedings ha[d] *lapsed* pursuant to 18 U.S.C. [§] 983(a)(3)(A)" and 18 U.S.C. § 983(a)(3)(B) (*id.* at ¶¶ 17–18 (emphasis in original)), Plaintiff filed a complaint seeking return of the lower receivers pursuant to the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202 ("CAFRA"), on July 16, 2014 (ECF No. 1).

On September 22, 2014, Defendant filed a motion to dismiss Plaintiff's initial complaint on the grounds that the lower receivers "were not seized in a 'nonjudicial forfeiture proceeding'" under 18 U.S.C. § 983(a)(2)(A), necessitating dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* ECF No. 7-1 at 4–5.[1]) On December 17, 2014, the Court granted Defendant's first motion to dismiss and dismissed without prejudice Plaintiff's complaint pursuant to Rule 12(b)(1), finding that the Court's jurisdiction over the forfeiture action was divested when the government voluntarily

[1] For ease of reference, all citations to docketed materials refer to the CM/ECF numbers stamped at the top of the page.

dismissed the forfeiture action. (ECF No. 19 at 6–7.)

Subsequently, on December 23, 2104, the ATF returned 5,786 lower receivers to Plaintiff. (FAC ¶ 19, ECF No. 34.) On January 14, 2015, maintaining that the ATF had "retained 18 of [Plaintiff]'s unfinished polymer lower receives without explanation" (ECF No. 21 at 8), Plaintiff filed a motion for new trial pursuant to Fed. R. Civ. P. 59(a) rather than filing an amended complaint. On February 9, 2015, Plaintiff also appealed the December 17, 2014 dismissal of its case to the United States Court of Appeals for the Ninth Circuit. (ECF No. 24.)

On June 11, 2015, the Court denied Plaintiff's motion for new trial on the grounds that there had been no trial, but granted Plaintiff leave to file an amended complaint. (ECF No. 33 at 4.) Plaintiff filed its FAC on July 1, 2015 (ECF No. 34) and its amended notice of appeal on July 12, 2015 (ECF No. 37).

On August 5, 2015, Defendant filed the instant MTD. (ECF No. 39.) The Court granted a number of extensions of time pending the Ninth Circuit's resolution of Plaintiff's appeal. (*See, e.g.*, ECF Nos. 43, 45, 47.) On November 18, 2015, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction, concluding that the Court's December 17, 2014 Order was "not intended to be a final and appealable order." (ECF No. 48.)

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). "[T]he district court ha[s] a duty to establish subject matter jurisdiction . . . *sua sponte*, whether the parties raise[] the issue or not," *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir. 1998)), and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d

981, 984 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *Id.* (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990)).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In contrast, where the defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may instead make factual determinations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). When making such a ruling, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242).

## ANALYSIS

Plaintiff's FAC asserts four claims for relief: (1) return of property pursuant to 18 U.S.C. § 983, (2) return of property pursuant to Fed. R. Crim. P. 41(e),[2] (3) return of

---

[2] Although Plaintiff brings its second claim for relief under Fed. R. Crim. P. 41(e) (FAC ¶¶ 29–35), it is clear that Plaintiff intended to cite current Fed. R. Crim. P. 41(g) (*see, e.g.*, MTD Mem. 4 & n.1, ECF No. 39-1; *see also United States v. Kama*, 394 F.3d 1236, 1238 n.1 (9th Cir. 2005) (noting that, since the 2002

property pursuant to the Fourth Amendment, and (4) return of property pursuant to the Fifth Amendment. (*See generally* ECF No. 34.)

Defendant moves to dismiss Plaintiff's FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See generally* ECF No. 39.) Specifically, Defendant argues that the ATF's return of all lower receivers in its possession moots Plaintiff's amended complaint and divests this Court of jurisdiction (MTD Mem. 7–8, ECF No. 39-1) and that CAFRA does not provide a jurisdictional basis for the return of Plaintiff's lower receivers (*id.* at 8–9).[3]

In light of Defendant's challenge, the Court addresses its subject-matter jurisdiction over each of Plaintiff's claims for relief in turn.

**I. CAFRA**

Plaintiff's first claim for relief is brought under 18 U.S.C. § 983 ("Section 983"), a provision of CAFRA. Under Section 983(f), a claimant may request the immediate release of the seized property by filing a petition that sets forth "the basis on which the requirements" for release are met. 18 U.S.C. § 983(f)(3)(B)(i). "The burden is on Claimant to prove that [it] has satisfied all the requirements of 18 U.S.C. § 983(f)." *United States v. 2005 Mercedes Benz E500*, 847 F. Supp. 2d 1211, 1214 (E.D. Cal. 2012) (citing *United States v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 264 (4th Cir. 2004)); *see also United States v. Value of Certain E-Metal Accounts at E-Gold Ltd.*, No. ELH-11-01530, 2013 WL 5664678, at *2 (D. Md. Oct. 17, 2013) ("[I]f a claimant fails to establish any one of the five criteria, its motion for the release of property must be denied.") (citing *Undetermined Amount of U.S. Currency*, 376 F.3d at 264). A court is authorized to release the property only if the claimant proves that:

---

amendments to the Federal Rules of Criminal Procedure, "[m]otions to return property are . . . relegated to Rule 41(g)")).

[3] Although Defendant originally argued that Plaintiff's notice of appeal divested this Court of jurisdiction over Plaintiff's case (MTD Mem. 5–6, ECF No. 39-1), Defendant has since conceded that the Ninth Circuit's dismissal of Plaintiff's appeal mooted this argument (*see* Reply 2, ECF No. 52).

> (A) the claimant has a possessory interest in the property;
>
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
>
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
>
> (E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1)(A)–(E). Paragraph (8) states that the property in question should not be released if it:

> (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
>
> (B) is to be used as evidence of a violation of the law;
>
> (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
>
> (D) is likely to be used to commit additional criminal acts if returned to the claimant.

18 U.S.C. § 983(f)(8).

"[T]he doctrine of sovereign immunity . . . 'is an important limitation on the subject matter jurisdiction of federal courts.'" *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087 (9th Cir. 2007) (quoting *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir.

2006)). As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black*, 492 F.3d at 1087–88 (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)). A plaintiff bears the burden of showing that the United States has waived its sovereign immunity. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (citing *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987)). Consequently, a plaintiff seeking the immediate release of seized property pursuant to Section 983(f) must demonstrate that all of the Section 983(f)(1) requirements have been met in order to establish that the United States has waived its sovereign immunity. *See, e.g.*, *Harris v. U.S. Dep't of Homeland Sec.*, No. CA 7:12-3291-GRA-JDA, 2013 WL 1194755, at *5 (D.S.C. Feb. 26, 2013) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)), *adopted* 2013 WL 1194846 (D.S.C. Mar. 22, 2013); *see also In re $22,420.00 in U.S. Currency*, No. 4:08-CV-12-F, 2008 WL 1969209, at *1–2 (E.D.N.C. May 5, 2008).

Plaintiff claims that it "is entitled to the immediate release of the subject property, pursuant to 18 U.S.C. § 983(f)(1)." (FAC ¶ 23, ECF No. 34.) Plaintiff contends that it has met the Section 983(f)(1) factors because it:

> (A) owns the seized property, (B) has sufficient ties to the community to provide assurance that the property will be available at the time of the trial, (C) has been and will continue to suffer substantial hardship and financial loss if the Government continues to retain its property, and (D) this hardship outweighs the risk that the seized property will be lost because the Government has already had more than a year to examine the property, and lastly (E) the seized property is not contraband.

(*Id.* at ¶ 24.)

The Court finds that Plaintiff has failed to demonstrate that it satisfies all of the Section 983(f)(1) factors and, consequently, that the United States has not waived sovereign immunity. Specifically, the Court finds that Plaintiff has not—and cannot—demonstrate under Section 983(f)(1)(C) that it will suffer "substantial hardship" if the

Court declines to order the United States to return the 18 unaccounted-for lower receivers. Section 983 provides various examples of substantial hardship, "such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless." 18 U.S.C. § 983(f)(1)(C). "The[se] examples of substantial hardship . . . 'indicate a clear legislative intent that the hardship experienced go beyond mere inconvenience to the claimant.'" *United States v. 2003 Mercedes Benz E55 AMG*, No. 2:13-CV-01274-GEB, 2013 WL 5153239, at *1 (E.D. Cal. Sept. 12, 2013) (quoting *2005 Mercedes Benz E500*, 847 F. Supp. 2d at 1216).

The parties do not dispute that the ATF has already returned 5,786 lower receivers to Plaintiff. (*See* FAC ¶ 20, ECF No. 34.) Even assuming that the ATF possesses the 18 unaccounted-for lower receivers, Plaintiff does not explain how the ATF's retention of less than a half of a percent of the receivers confiscated—worth less than $1,000 (*see* FAC Ex. A, ECF No. 34-1 (valuing 5,804 lower receivers at $290,200))—constitutes an undue hardship, especially in light of the ATF's letter informing Plaintiff that, in its opinion, the returned lower receivers were unsaleable.[4] In short, Plaintiff has not and cannot show that the 18 unaccounted-for lower receivers "prevent[] the functioning of [Plaintiff's] business." *See* 18 U.S.C. § 983(f)(1)(C); *see also In re Petition of Moran*, No. 09CV248-MMA(CAB), 2009 WL 650281, at *3 (S.D. Cal. Mar. 10, 2009) (finding no substantial hardship where claimant and others in his family "continue[] to work" despite the Drug Enforcement Administration's retention of claimant's seized vehicle).

/ / /

/ / /

---

[4] *See* FAC Ex. E, ECF No. 34-5 ("**ATF has classified the 'EP-80' lower firearm receiver manufactured by EP Arms, LLC, as a firearm for purposes of the [Gun Control Act of 1968].** . . . [ATF] is returning those firearms to Ares Armor. **This letter serves to advise you that all Federal and State firearms laws apply to the subject EP-80 lower firearm receivers.** If you plan to engage in the business of dealing firearms, the GCA requires you to obtain a Federal firearms license. . . . Our examination of these firearms also reveals that they were never properly marked by the manufacturer . . . . That deficiency must be corrected by the manufacturer before they may be sold.") (emphasis in original).

Because the Court lacks subject-matter jurisdiction, the Court **DISMISSES** Plaintiff's CAFRA claim for relief.[5]

**II. Equitable Claims**

Plaintiff's second through fourth claims for relief "invoke[] the equitable authority of this [C]ourt" under Federal Rule of Criminal Procedure 41(g) and the Fourth and Fifth Amendments, respectively. (*See* FAC ¶¶ 30, 38, 41, ECF No. 34; *see also Kama*, 394 F.3d at 1238 (noting that Fed. R. Crim. P. 41(g) motions brought when there are no criminal proceedings pending against the movant "are treated as civil equitable proceedings").) Assuming, without deciding, that Plaintiff's request for an order compelling Defendant to return Plaintiff's property is not mooted (*see* MTD Mem. 7–8, ECF No. 39-1), the Court must satisfy itself that it should exercise its equitable jurisdiction to hear this case. *See Kardoh v. United States*, 572 F.3d 697, 700 (9th Cir. 2009) ("Where no criminal proceeding is pending, a district court has discretion to hear a motion for the return of property as a civil equitable proceeding.") (citing *Kama*, 394 F.3d at 1238).

"[A] district court must exercise caution and restraint before assuming jurisdiction." *Kama*, 394 F.3d at 1238 (quoting *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993)) (internal quotation marks omitted). In determining whether to exercise its equitable jurisdiction, the Court considers "[f]our stringent factors." *In re Chandler*, 270 F.R.D. 576, 578 (S.D. Cal. 2010). The Court must therefore decide whether: (1) the Government displayed a callous disregard for Plaintiff's constitutional rights; (2) Plaintiff has an individual interest in and need for the property it wants returned; (3) Plaintiff would be irreparably injured by denying return of the property; and (4) Plaintiff has an adequate remedy at law for the redress of his grievance. *Kama*, 394 F.3d at 1238 (quoting *Ramsden*, 2 F.3d at 324–25). "If the 'balance of equities tilts in favor of reaching the merits' of the

[5] To the extent Plaintiff's CAFRA claim for relief is premised upon Section 983(a)(3) (*see, e.g.*, FAC ¶ 17, ECF No. 34 (noting that Defendant failed to timely initiate forfeiture proceedings pursuant to Section 983(a)(3)(A))), that provision "does not contain an implied right of action," *Diamond Casino Cruise, LLC v. Dep't of Homeland Sec.*, 915 F. Supp. 2d 1380, 1386 (S.D. Ga. 2013).

Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion." *Id.* (*quoting Ramsden*, 2 F.3d at 326). "The court must consider these factors as a preliminary matter before assuming jurisdiction and determining the motion on the merits." *In re Prop. Seized from 1015 E. Cliff Drive*, No. 13-MC-80172-JST, 2013 WL 5568300, at *2 (N.D. Cal. Oct. 9, 2013).

Upon consideration of these factors, the Court determines that the balance of equities does not support the Court's exercise of equitable jurisdiction. With respect to the first factor, Plaintiff "must establish that the government's conduct was 'sufficiently reprehensible' to warrant the return of [its] property," *Cox v. United States*, No. CV 07-1200-PHX-SMM, 2008 WL 477877, at *1 (D. Ariz. Feb. 19, 2008), a burden Plaintiff fails to carry. Plaintiff does not dispute that the ATF seized the lower receivers pursuant to a warrant. (*See* FAC ¶ 7, ECF No. 34.) Plaintiff also does not allege that the manner in which the warrant was executed was unreasonable. *See, e.g.*, *Cox*, 2008 WL 477877, at *4 (noting that "the manner in which warrants are executed is also subject to a reasonableness review") (citing *Dalia v. United States*, 441 U.S. 238, 258 (1979); *United States v. Ankeny*, 490 F.3d 744, 751 (9th Cir. 2007)). Consequently, the Government did not act with callous disregard of Plaintiff's constitutional rights when it initially seized Plaintiff's lower receivers. *See, e.g.*, *Chandler*, 270 F.R.D. at 579 ("[T]he government has not acted with 'callous disregard' of the constitutional rights of movants, as the government seized the property pursuant to a warrant issued by a neutral fact finder.") (citing *Account Servs. Corp. v. United States*, No. 09 CV 1495 JM (RBB), 2009 WL 2755649, at *3 (S.D. Cal. Aug. 27, 2009)); *Zubkis v. Lange*, 966 F. Supp. 985, 987 (S.D. Cal. 1997) ("Plaintiff has not established a *callous disregard* for his constitutional rights. . . . [T]he Government obtained a facially valid warrant supported by the necessary affidavits. Nor did any of the conduct of the Government agents in executing the warrant appear to violate Plaintiff's constitutional rights.") (emphasis in original), *aff'd* 133 F. 3d 931 (9th Cir. 1998).

Plaintiff also fails to demonstrate a callous disregard of Plaintiff's constitutional rights based on the alleged continued retention of the 18 unaccounted-for lower receivers.

*See, e.g.*, *1015 E. Cliff Drive*, 2013 WL 5568300, at *2 & n.1 (noting that "Rule 41(g) grants standing both to those aggrieved by an 'unlawful search and seizure' as well as those aggrieved only by a 'deprivation of property'" and, "even if the initial search respected the Movant's constitutional rights, a continuing unjustified retention of the material would not") (citing Fed. R. Crim P. 41(g); *In re Singh*, 892 F. Supp. 1, 3 (D.D.C. 1995)). Defendant has returned 5,786 lower receivers. (*See* FAC ¶ 20, ECF No. 34.) Although 18 receivers are unaccounted for, this failure is hardly evidence of a "callous disregard" for Plaintiff's constitutional rights. Consequently, the first factor weighs in favor of the Government.

"The second factor appears to be neutral as [Plaintiff] ha[s an] individual interest[] in the property seized, but there is no evidence that [it] need[s] to have the property returned at this time." *In re Seizure of Private Funds*, No. MC09-00100HG-KSC, 2009 WL 2700213, at *3 (D. Haw. June 19, 2009), *adopted* 2009 WL 2700211 (D. Haw. Aug. 26, 2009).

The third and fourth factors also weigh in favor of the Government. Plaintiff will not be irreparably harmed by denial of the return of the 18 unaccounted-for lower receivers because "economic injury alone generally 'does not support a finding of irreparable harm, because such injury can be remedied by a damage award.'" *Account Servs. Corp.*, 2009 WL 2755649, at *3 (quoting *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)); *see also supra* Part I (finding that Plaintiff cannot establish "substantial hardship"). For the same reason, an adequate remedy at law exists because Plaintiff may always file a civil suit for damages. *See, e.g.*, *Seizure of Private Funds*, 2009 WL 2700213, at *3 (concluding that "an adequate remedy at law for redress does exist" because "if the Government does not indict [petitioners] and fails to return their property or damages the property in some manner, they can file a civil lawsuit"); *In re Seizure of a Light Green 2009 Toyota Prius 4 Door Sedan*, No. MC 09-00101JMS/BMK, 2009 WL 2143542, at *4 (D. Haw. July 14, 2009) (same).

/ / /

The Court therefore finds that these factors weigh on balance in favor of the Government and declines to exercise its equitable jurisdiction over Plaintiff's second through fourth claims for relief. Accordingly, the Court **GRANTS** Defendant's MTD and **DISMISSES** Plaintiff's equitable claims for lack of subject-matter jurisdiction.

**III. Dismissal With Prejudice**

Generally, a dismissal for lack of subject-matter jurisdiction should be without prejudice because it is not an adjudication on the merits and a plaintiff should be afforded the opportunity to reassert her claims in a competent court. *See Siler v. Dillingham Ship Repair*, 288 Fed. App'x 400, 401 (9th Cir. 2008) (citing *Freeman v. Oak Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999)); *see also Kendall v. Dep't of Veterans Affairs*, 360 Fed. App'x 902, 903 (9th Cir. 2009) (citing *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004)). Moreover, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)) (internal quotation marks omitted) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242 (9th Cir. 1990); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990); *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987); *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Sidebotham v. Robison*, 216 F. 2d 816 (9th Cir.1954)).

Here, the Court finds that amendment would be futile. Plaintiff cannot demonstrate that the possible retention of the 18 unaccounted-for lower receivers constitutes either "substantial hardship" as required under Section 983(f)(1)(C) or irreparable harm as required for this Court to exercise its equitable jurisdiction. *See supra* Parts I, II. Consequently, the Court **DISMISSES WITH PREJUDICE** Plaintiff's FAC for lack of subject-matter jurisdiction.

/ / /

/ / /

/ / /

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Defendant's MTD (ECF No. 39) and **DISMISSES WITH PREJUDICE** Plaintiff's FAC (ECF No. 34). The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: January 27, 2016

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge