

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYCURGAN, INC., a California corporation, DBA Ares Armor,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>TODD JONES, in his official official capacity as Director of the Bureau of Alcohol, Tobacco, and Firearms Enforcement,<br><br>        Defendant - Appellee. | No. 16-55341<br><br>D.C. No. 3:14-cv-01679-JLS-BGS<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered April 19, 2017, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                        FOR THE COURT:

                        MOLLY C. DWYER
                        CLERK OF COURT

                        By: Rhonda Roberts
                        Deputy Clerk
                        Ninth Circuit Rule 27-7

FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYCURGAN, INC., DBA Ares Armor, a California corporation, | No. 16-55341 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01679-JLS-BGS |
| v. | |
| TODD JONES, in his official official capacity as Director of the Bureau of Alcohol, Tobacco, and Firearms Enforcement, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted April 6, 2017
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary Feinerman, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

In this action, Plaintiff-Appellant Lycurgan, Inc. (Lycurgan) seeks injunctive relief ordering Defendant-Appellee Todd Jones—the director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)—to return eighteen "EP80 lower receivers" that allegedly went missing after the government seized Lycurgan's property during the execution of a criminal search warrant. The district court dismissed Lycurgan's complaint for lack of subject matter jurisdiction. We review that decision *de novo*. *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lycurgan's complaint for injunctive relief is moot. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quotation marks omitted).

Here, Lycurgan seeks an order "command[ing] Defendant to release the 18 unreturned [EP80 lower receivers] forthwith and without delay." However, the ATF is not asserting any legal right to retain Lycurgan's property, and Lycurgan concedes that the "missing" lower receivers are not in the government's

2

possession.  *See* Blue Br. 42 ("[T]he ATF allowed the loss or the theft of 18 of Lycurgan's [EP80 lower receivers]."); Grey Br. 13 ("Lycurgan has suffered a deprivation of its property, and that property is somewhere.  The 18 EP80 receivers have either been stolen, destroyed, or transferred . . . .").  Given that the only live issue concerns whether a counting error occurred (as ATF believes) or whether the missing EP80s were lost or stolen (as Lycurgan believes), the case is moot.  This court is not capable of granting any effective relief because Lycurgan seeks an injunction ordering the return of property that it recognizes the government does not possess.  *See Already*, 133 S. Ct. at 727 ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." (internal quotation marks omitted)).

Lycurgan's argument that mootness is intertwined with the merits of this action is not correct.  "[J]urisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks omitted).  In *Safe Air*, for instance, "the Growers challenged Safe Air's contention that grass residue constitutes solid waste under [the Resource Conservation and Recovery

3

Act]." *Id.*  The issues were intertwined because, if grass residue counted as solid waste, then not only did the court have subject matter jurisdiction to hear Safe Air's substantive claim, but the Growers were liable under the statute.  *Id.* at 1037–41.  Here, the issues are not comparably intertwined.  The jurisdictional question of whether the court is capable of granting the relief Lycurgan requests does not depend on resolving the only factual question genuinely in dispute—whether the missing receivers were lost or are missing only because there was a miscount.  As a consequence, Lycurgan's request for injunctive relief has been rendered moot.[1]

**AFFIRMED.**

---

[1] Given these circumstances, we decline to reach the remainder of Lycurgan's arguments.  In addition, Lycurgan's motion to file a late brief is granted, Dkt. No. 36, and its motion to extend the time to file its reply is denied as moot, Dkt. No. 31.  Lycurgan's two motions for judicial notice are denied.  *See* Dkt. Nos. 15, 37.